TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00670-CR







Donny Clyde Walker, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY


NO. 2C95-0637, HONORABLE JOHN BARINA, JUDGE PRESIDING







PER CURIAM


 The county court at law found appellant guilty of telephone harassment and assessed
punishment at incarceration for forty-seven days and a $500 fine. Appellant challenges the legal
and factual sufficiency of the evidence.

 The complaining witness, Maudie Louise Ewing, was married to appellant for
nineteen years. Following their divorce, one daughter, Wendy, lived with appellant while another
daughter, Stormy, lived with Ewing, who remarried. Under the terms of the divorce decree and
a related protective order, appellant was to contact Ewing solely to discuss their children. In July
1994, appellant began calling Ewing at her home several times a week, always at 7:30 a.m. after
her husband left for work. Ewing testified that appellant would complain during these calls
"[a]bout how I broke up the family; it was my fault; I was the one that did all that to him." 
Appellant also "would want me back. He would want me to come back, and I didn't want to
come back." Ewing said she "had to be real careful about what I said [during these telephone
conversations] because we don't want to get him upset." Ewing also said these calls annoyed and
harassed her.

 This series of telephone calls culminated on August 26. That morning at 7:30,
Wendy called Stormy and the girls had a brief conversation. Appellant then took the phone from
Wendy. He and Stormy talked about a "problem" involving Wendy and Ewing's new husband,
then appellant demanded to speak to Ewing. As Stormy listened on another telephone, appellant
told Ewing that she had "destroyed the family" by divorcing him. Ewing described the remainder
of the call as follows:


He's very volatile, and I'm real careful about what I say to him because it would
trigger him. So I always tried to make peace with him. I don't know exactly what
I said that day, but I must have upset him extremely because he said -- this is what
he said, not what I would say. But he said, "You just thought I gave you shit. I'm
going to give you shit." And then the phone -- I don't know if it fell off, he threw
the phone, or what. I heard Wendy crying and the phone was dead.



Ewing said this call alarmed and upset both her and her daughter Stormy, and that she feared
appellant intended to hurt her. She called the police and gave a statement that resulted in this
prosecution. 

 The information alleged that appellant "with intent to harass, annoy, alarm and
embarrass another, namely Maudie Louise Ewing, hereinafter referred to as the victim, [made]
repeated telephone communications in a manner reasonably likely to harass, annoy, alarm and
embarrass the victim." See Tex. Penal Code Ann. § 42.07(a)(4) (West Supp. 1996). (1) Appellant
contends the evidence does not support the inference that he intended his telephone calls to harass,
annoy, alarm, or embarrass Ewing. Appellant argues that the August 26 call "was not about
harassing or annoying anyone, but about the problem between [his] daughter and the
complainant's husband." Appellant urges that there is no evidence as to the nature of the other
telephone calls he made to Ewing during July and August 1994, and therefore no basis for
concluding that they were intended to harass or annoy her.

 In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the conviction, any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820
S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). 
Appellant made repeated telephone calls to Ewing, during which he accused her of destroying
their family and demanded that she return to him. Appellant made these calls despite an order
limiting his contacts with Ewing and despite Ewing's remarriage. On at least one occasion,
appellant implicitly threatened violence against Ewing. From this evidence, the county court at
law could reasonably infer that appellant intended to harass, annoy, alarm, or embarrass Ewing. 
Point of error one is overruled.

 When conducting a factual sufficiency review, we do not view the evidence in the
light most favorable to the verdict. Instead, we consider all the evidence equally, including the
testimony of defense witnesses and the existence of alternative hypotheses. Orona v. State, 836
S.W.2d 319 (Tex. App.--Austin 1992, no pet.). We will set aside a conviction for factual
insufficiency only if it is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust. Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd as
untimely filed); see Clewis v. State, No. 450-94 (Tex. Crim. App. Jan. 31, 1996) (adopting Stone
test for factual sufficiency). Appellant urges that the finding of guilt in this cause is contrary to
the great weight of the evidence "because there is simply no evidence, except the complainant's
say-so, that there was anything in the telephone calls that was intended by Appellant to annoy or
harass the complainant." To the contrary, the circumstances surrounding the telephone calls also
support the conclusion that appellant intended to harass and annoy Ewing, as discussed previously. 
While there is evidence that the August 26 call had some additional purpose, there is no evidence
that appellant did not intend this and his many other telephone calls to be annoying or harassing. 
Considering all the evidence in the case, we do not find the conviction to be clearly wrong or
unjust. Point of error two is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: April 10, 1996

Do Not Publish
1. Although section 42.07 has been amended since this offense was committed, the relevant
portion of the statute is unchanged. 




trigger him. So I always tried to make peace with him. I don't know exactly what
I said that day, but I must have upset him extremely because he said -- this is what
he said, not what I would say. But he said, "You just thought I gave you shit. I'm
going to give you shit." And then the phone -- I don't know if it fell off, he threw
the phone, or what. I heard Wendy crying and the phone was dead.



Ewing said this call alarmed and upset both her and her daughter Stormy, and that she feared
appellant intended to hurt her. She called the police and gave a statement that resulted in this
prosecution. 

 The information alleged that appellant "with intent to harass, annoy, alarm and
embarrass another, namely Maudie Louise Ewing, hereinafter referred to as the victim, [made]
repeated telephone communications in a manner reasonably likely to harass, annoy, alarm and
embarrass the victim." See Tex. Penal Code Ann. § 42.07(a)(4) (West Supp. 1996). (1) Appellant
contends the evidence does not support the inference that he intended his telephone calls to harass,
annoy, alarm, or embarrass Ewing. Appellant argues that the August 26 call "was not about
harassing or annoying anyone, but abou