TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00021-CR







Alfred Nelson, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0945279, HONORABLE JON N. WISSER, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of aggravated sexual assault of a child. Act of May 26, 1987,
70th Leg., R.S., ch. 573, § 1, 1987 Tex. Gen. Laws 2275, amended by Act of July 18, 1987, 70th Leg.,
2d C.S., ch. 16, § 1, 1987 Tex. Gen. Laws 80 (Tex. Penal Code Ann. § 22.021, since amended). The
district court assessed punishment at imprisonment for twelve years.

 Appellant's only point of error is that the evidence is factually insufficient to sustain the
conviction. We will set aside a verdict for factual insufficiency only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex.
Crim. App. 1996); Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd as untimely
filed). When conducting a factual sufficiency review, we do not view the evidence in the light most
favorable to the verdict. Instead, we consider all the evidence equally, including the testimony of defense witnesses and the existence of
alternative hypotheses. Orona v. State, 836 S.W.2d 319 (Tex. App.--Austin 1992, no pet.). (1)

 On February 25, 1994, appellant took Glenda Weems and three of her children to a park
to celebrate the youngest child's fourth birthday. On the way home, they stopped at a convenience store. 
Weems and the two older children went inside the store, leaving appellant and the youngest child, the
complainant, in appellant's pickup truck. The complainant's older brother testified that when he returned
to the truck, he saw the complainant zipping his pants. After they returned home, the complainant told his
mother, "[T]hat guy we were just with" "sucked [my] ding-dong." Weems reported this to her husband,
who immediately left the house to find a deputy sheriff.

 Travis County deputy sheriff Christopher Hanson interviewed the complainant
approximately one hour after the alleged incident. Hanson testified that the complainant told him that the
man with whom he and his family spent the day "sucked [his] ding-dong and grabbed [his] neck." Hanson
said that the boy's parents did not appear to be prompting the child to make this accusation.


 The complainant, who was five years old at the time of trial, also testified. Asked by the
prosecutor to "tell these people what happened to you," the child said, "Sucked my ding-dong." He
indicated that his "ding-dong" was his "private part." When asked who did this, the complainant answered,
"Lynn." He added that it happened "[a]t the Circle K" while "[s]itting in the truck."

 Although appellant does not bring forward a point of error urging that the complainant was
incompetent to testify, he asserts that the boy "does not know truth from falsehood." During cross-examination, the complainant indicated that defense counsel was being truthful when he said, "I'm a cow"
and "I'm an elephant." When asked if he "know[s] this man right here," an apparent reference to appellant,
the witness nodded negatively. The complainant also responded negatively when asked by defense counsel
if "Lynn touch[ed] your neck." The complainant answered affirmatively when asked by defense counsel
if his mother showed him a picture of appellant in the newspaper and if his parents "talk about Lynn a lot
in the house." Appellant contends this demonstrates that the complainant was "coached." 

 Appellant also attacks the credibility of Glenda Weems, whom he characterizes as an
"uneducated woman" and "a hopeless alcoholic." He bases the latter allegation on the fact that Weems was
once denied admission into a bar because of her intoxication. Appellant points out that Weems admitted
drinking on the day of the alleged offense. He also notes an inconsistency between Weems's testimony and
that of the complainant's older brother. It will be recalled that the alleged offense took place when the
complainant was left alone with appellant while Weems and her other children went into a store. Weems
testified that the complainant's brother left the store and returned to appellant's pickup a few minutes before
she and her daughter left the store. The brother testified that he returned to the truck with his mother and
sister.

 Appellant draws our attention to another inconsistency in the testimony. The complainant's
brother testified that he sat in the back seat of appellant's truck. A police officer testified, however, that
the truck had only one seat.

 When the complainant was first interviewed by a counsellor at the child advocacy center,
he did not repeat the allegations he made to his mother and Deputy Hanson. A videotape of this interview
was made, but lost. Appointments were made for further interviews, but were not kept. As a result, the
sheriff's deputies investigating the case considered the case inactive or, as noted on one report, unfounded. 
The investigation was reactivated when the complainant made an outcry to a child protective services
worker in July 1994. Appellant asserts that this outcry was "an odd statement" because the complainant
told the case worker that appellant's "pee pee was green." 

 Appellant's challenge to the factual sufficiency of the evidence is based on his contention
that the complainant and his family were not credible witnesses. The jury, however, is the exclusive judge
of the credibility of the witnesses and the weight to give their testimony. Tex. Code Crim. Proc. Ann. art.
38.04 (West 1979). An appellate court may not reweigh the evidence and set aside a jury verdict merely
because it believes a different result is more reasonable. Clewis, 922 S.W.2d at 135. Viewing all the
evidence in this cause, we do not find the jury's verdict to be so contrary to the great weight of the evidence
as to be clearly unjust. The point of error is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and Jones

Affirmed

Filed: September 25, 1996

Do Not Publish
1.   Because appellant does not contest the legal, or constitutional, sufficiency of the evidence,
we presume that a rational trier of fact, viewing the evidence in the light most favorable to the
verdict, could have found the essential elements of the offense beyond a reasonable doubt. Id.,
at 321-22; see Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim.
App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981).



>
 The complainant, who was five years old at the time of trial, also testified. Asked by the
prosecutor to "tell these people what happened to you," the child said, "Sucked my ding-dong." He
indicated that his "ding-dong" was his "private part." When asked who did this, the complainant answered,
"Lynn." He added that it happened "[a]t the Circle K" while "[s]itting in the truck."

 Although appellant does not bring forward a point of error urging that the complainant was
incompetent to testify, he asserts that the boy "does not know truth from falsehood." During cross-examination, the complainant indicated that defense counsel was being truthful when he said, "I'm a cow"
and "I'm an elephant." When asked if he "know[s] this man right here," an apparen