TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00573-CR






Carol Davidson, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY


NO. 461612, HONORABLE DAVID PURYEAR, JUDGE PRESIDING






PER CURIAM


 A jury found appellant guilty of criminal trespass. Tex. Penal Code Ann. § 30.05 (West
1994). The county court at law assessed punishment at incarceration for thirty days. Appellant contends
the evidence is legally and factually insufficient to sustain the conviction.

 University of Texas police officer James Poteet testified that he saw appellant "walking out
of the west side door of the College of Business Administration" at 12:15 a.m. on July 18, 1996. The
building was closed at that time and appellant, a former university employee, did not have authority or
permission to be in the building. University police officer Don Verett testified that he issued a warning ticket
to appellant on July 14, 1996, after she was seen entering and leaving another university building at 1:00
a.m. This citation was introduced in evidence and describes the violation as "criminal trespass warning." 
The citation contains the notation, "I understand the warning read to me applies to all U.T. locations," and
is signed by appellant. Verett testified that before issuing the warning ticket, he read a prepared statement
to appellant advising her that she was not entitled to be in any university location without express authority
and warning her that she would be arrested for criminal trespass if she was again found in such a place. 
Verett testified that he explained this warning to appellant and she appeared to understand it.

 A person commits criminal trespass if she enters a building without effective consent and
after receiving notice from the building's owner or someone authorized to act for the owner that entry was
forbidden. Sec. 30.05(a)(1). In this cause, the State alleged and therefore bore the burden of proving that
appellant received written notice. In her first point of error, appellant contends the State did not satisfy that
burden as a matter of law. She argues that the citation she received on July 14 was not a written notice
that entry was forbidden, but merely a written acknowledgment of an oral notice.

 In determining the legal sufficiency of the evidence to support a criminal conviction, the
question is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier
of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v.
State, 614 S.W.2d 155 (Tex. Crim. App. 1981). Applying that standard to the evidence in this cause, we
believe the jury could rationally conclude beyond a reasonable doubt that the citation with the words
"criminal trespass warning" and "applies to all U.T. locations" constituted written notice that appellant's
entry into any university building was forbidden. Point of error one is overruled.

 Appellant challenges the factual sufficiency of the evidence in her second point of error. 
When conducting a factual sufficiency review, we do not view the evidence in the light most favorable to
the verdict. Instead, we consider all the evidence equally, including the testimony of defense witnesses and
the existence of alternative hypotheses. Orona v. State, 836 S.W.2d 319, 321 (Tex. App.--Austin 1992,
no pet.). We will set aside a verdict for factual insufficiency only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. Clewis v. State 922 S.W.2d 126, 129 (Tex.
Crim. App. 1996); Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd as untimely
filed).

 Appellant points out that no one saw her inside the business administration building and
urges that the jury's finding that she entered the building is against the great weight and preponderance of
the evidence. In her own testimony, appellant did not expressly deny entering the building, although she
implied as much. Poteet, on the other hand, testified that he saw appellant leave the building. The jury was
the exclusive judge of the credibility of the witnesses and the weight to give their testimony. Miller v. State,
909 S.W.2d 586, 593 (Tex. App.--Austin 1995, no pet.). The jury could reasonably conclude that
appellant could not leave the building without first entering it. The jury's verdict is not contrary to the
overwhelming weight of the evidence. Point of error two is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: April 24, 1997

Do Not Publish



HONORABLE DAVID PURYEAR, JUDGE PRESIDING






PER CURIAM


 A jury found appellant guilty of criminal trespass. Tex. Penal Code Ann. § 30.05 (West
1994). The county court at law assessed punishment at incarceration for thirty days. Appellant contends
the evidence is legally and factually insufficient to sustain the conviction.

 University of Texas police officer James Poteet testified that he saw appellant "walking out
of the west side door of the College of Business Administration" at 12:15 a.m. on July 18, 1996. The
building was closed at that time and appellant, a former university employee, did not have authority or
permission to be in the building. University police officer Don Verett testified that he issued a warning ticket
to appellant on July 14, 1996, after she was seen entering and leaving another university building at 1:00
a.m. This citation was introduced in evidence and describes the violation as "criminal trespass warning." 
The citation contains the notation, "I understand the warning read to me applies to all U.T. locations," and
is signed by appellant. Verett testified that before issuing the warning ticket, he read a prepared statement
to appellant advising her that she was not entitled to be in any university location without express authority
and warning her that she would be arrested for criminal trespass if she was again found in such a place. 
Verett testified that he explained this warning to appellant and she appeared to understand it.

 A person commits criminal trespass if she enters a building without effective consent and
after receiving notice from the building's owner or someone authorized to act for the owner that entry was
forbidden. Sec. 30.05(a)(1). In this cause, the State alleged and therefore bore the burden of proving that
appellant received written notice. In her first point of error, appellant contends the State did not satisfy that
burden as a matter of law. She argues that the citation she received on July 14 was not a written notice
that entry was forbidden, but merely a written acknowledgment of an oral notice.

 In determining the legal sufficiency of the evidence to support a criminal conviction, the
question is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier
of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v.
State, 614 S.W.2d 155 (Tex. Crim. App. 1981). Applying that standard to the evidence in this cause, we
believe the jury could rationally conclude beyond a reasonable doubt that the citation with the words
"criminal trespass warning" and "applies to all U.T. locations" constituted written notice that appellant's
entry into any university building was forbidden. Point of error one is overruled.

 Appellant challenges the factual sufficiency of the evidence in her second point of error. 
When conducting a factual sufficiency review, we do not view the evidence in the light most favorable to
the verdict. Instead, we consider all the evidence equally, including the testimony of defense witnesses and
the existence of alternative hypotheses. Orona v. State, 836 S.W.2d 319, 321 (Tex. App.--Austin 1992,
no pet.). We will set aside a verdict for factual insufficiency only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. Clewis v. State 922 S.W.2d 126, 129 (Tex.
Crim. App. 1996); Stone v. State, 823 S.W.2d 375, 381 (Tex