TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00667-CR







Courtney Ellaine Belk, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT


NO. 94-131, HONORABLE BILL BENDER, JUDGE PRESIDING







A jury found appellant guilty of seven counts of third-degree felony theft. Act of May 27,
1985, 69th Leg., R.S., ch. 599, § 1, 1985 Tex. Gen. Laws 2244, amended by Act of May 10, 1993, 73d
Leg., R.S., ch. 203, §§ 4,5, 1993 Tex. Gen. Laws 390, 391-92 (Tex. Penal Code Ann. § 31.03(a),
(e)(4)(A), since amended). The jury assessed punishment at imprisonment for five years on each count. 
Appellant's sole point of error is that the evidence is insufficient to support the verdicts. We will affirm.

Appellant was the manager of a McDonald's restaurant in Lockhart. The owners of the
restaurant, Daniel and Catherine Kinney, testified that the restaurant's cash receipts were collected from
the registers twice a day, at the end of each shift. The money was placed in cash envelopes on which the
amounts taken from each register were recorded. Deposit slips were then prepared and placed with the
cash in locked bags, which were supposed to be delivered to the bank daily. In January 1994, the Kinneys
discovered that seven cash deposits, ranging in amounts of from $979.91 to $1906.63, had not been
made. (1) Appellant does not dispute that this money was stolen, but argues that the State failed to prove
beyond a reasonable doubt that she was the thief.

 As manager, appellant maintained the restaurant's financial records. The cash deposits
were also her responsibility, although other employees sometimes delivered the deposits to the bank. In
the fall of 1993, the Kinneys noticed that bank deposits were being made late. In addition, cash envelopes
and deposit slips for certain dates were missing. Appellant explained to the Kinneys that she was behind
with her paperwork and that the missing documents were at her home. On January 3, 1994, Catherine
Kinney arraigned to meet appellant at the restaurant to discuss the problem. At this meeting, appellant
produced the missing cash envelopes, but Kinney noticed that some deposit slips were still missing. 
Appellant told Kinney that she had been to the bank earlier that day, that the deposits had been made, and
that she was planning to return to the bank to get the validated deposit slips. Over appellant's protest,
Kinney went to the bank to get the deposit slips. At the bank, Kinney learned that the deposits in question
had not been made. (2) Meanwhile, appellant, who was described as nervous and fidgety, left the restaurant
and did not return. Appellant was fired by the Kinneys on January 3. A witness testified that in the days
following her dismissal, appellant had a large amount of cash that she spent freely.

Appellant does not clearly state in her brief whether she is challenging the legal or the
factual sufficiency of the evidence, and her argument contains elements of both analyses. In determining
the legal sufficiency of the evidence to support a criminal conviction, the question is whether, after viewing
all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979);
Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). The same standard applies whether the
evidence is direct or circumstantial. Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991). When
conducting a factual sufficiency review, the evidence is not viewed in the light most favorable to the verdict. 
Instead, all the evidence is considered equally, including the testimony of defense witnesses and the
existence of alternative hypotheses. Orona v. State, 836 S.W.2d 319, 321 (Tex. App.--Austin 1992,
no pet.). A verdict will be set aside for factual insufficiency only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex.
Crim. App. 1996); Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd as untimely
filed).

Appellant points out that there was no evidence that she alone was responsible for making
the restaurant's bank deposits or that she otherwise had sole access to the stolen money. To the contrary,
several employees made the bank deposits and most witnesses agreed that other employees had access
to some or all of the restaurant's cash receipts. The evidence also shows, however, that the restaurant's
accounting system had several checks designed to detect and discourage employee theft, and there was
no evidence that any other employee might have taken the missing money. Further, there was evidence that
appellant sometimes took the restaurant's cash receipts home with her and that she occasionally deposited
the restaurant's money days or even weeks after it was received. When questioned about the missing
deposit slips, appellant told Catherine Kinney that she had made the deposits and that validated deposit
slips were at the bank. In fact, there were no deposit slips because the deposits had not been made. 

Applying the standards of review discussed previously, we conclude that the evidence in
this cause is both legally and factually sufficient to sustain the jury's verdicts. Appellant's point of error is
overruled and the judgment of conviction is affirmed. 



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: January 23, 1998

Do Not Publish

1. The missing deposits were from the first shift on December 2, 1993, from the second shifts on
December 17 and 18, 1993, and from both shifts on January 1 and 2, 1994.
2. Appellant did make deposits for the restaurant on January 3. The records indicated that these
deposits consisted of cash received by the restaurant on December 8, 19, 24, 27, and 31, 1993.


blem. At this meeting, appellant
produced the missing cash envelopes, but Kinney noticed that some deposit slips were still missing. 
Appellant told Kinney that she had been to the bank earlier that day, that the deposits had been made, and
that she was planning to return to the bank to get the validated deposit slips. Over appellant's protest,
Kinney went to the bank to get the deposit slips. At the bank, Kinney learned that the deposits in question
had not been made. (2) Meanwhile, appellant, who was described as nervous and fidgety, left the restaurant
and did not return. Appellant was fired by the Kinneys on January 3. A witness testified that in the days
following her dismissal, appellant had a large amount of cash that she spent freely.

Appellant does not clearly state in her brief whether she is challenging the legal or the
factual sufficiency of the evidence, and her argument contains elements of both analyses. In determining
the legal sufficiency of the evidence to support a criminal conviction, the question is whether, after viewing
all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979);
Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). The same standard applies whether the
evidence is direct or circumstantial. Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991).