TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00737-CR







Alan Gene Batson, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. 19,335, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING







A jury found appellant guilty of unlawful possession of a firearm by a felon. Penal Code,
63d Leg., R.S., ch. 399, sec. 1, § 46.05, 1973 Tex. Gen. Laws 883, 964 (Tex. Penal Code Ann. § 46.05,
since amended and renumbered as § 46.04). The jury assessed punishment at imprisonment for ten years
and a $10,000 fine. Appellant contends the evidence is legally and factually insufficient to sustain the
conviction and that the district court erred by permitting him to be seen by the jury wearing leg irons. We
will overrule these contentions and affirm the conviction.

The indictment alleged that appellant possessed a .22 caliber pistol away from the premises
where he lived and after he had been convicted of "the felony offense of aggravated assault, being a felony
involving an act of violence and threatened violence to Pete Maciula ...." Appellant contends the evidence
is factually insufficient to prove he possessed the pistol and legally insufficient to prove that his previous
felony conviction involved an act of violence or threatened violence against Pete Maciula.

Appellant was driving a pickup truck when he was stopped by Rockdale police officer Ken
Inman, who was executing a warrant for appellant's arrest issued in another county. A second officer,
Cecil Hamm, also participated in the stop and arrest. Inman testified that after the pickup stopped, he saw
appellant "grabbing for something in the front seat near his right leg. It's a motion I have seen before. It
usually indicates somebody reaching for a weapon." Appellant did not immediately comply with Inman's
order to raise his hands, but instead kept his right hand at his side. When appellant finally did raise his right
hand, Hamm saw a pistol on the seat beside appellant. Hamm testified that appellant's hand had been on
the pistol. This .22 caliber weapon was seized and introduced in evidence. 

A second man, identified at trial as Blakeley, was in the pickup with appellant at the time
of the stop. Blakeley did not testify. The pickup belonged to John Jackson. Jackson testified that
appellant was driving the pickup with his permission and that the pistol belonged to him. Appellant testified
that the pistol had been covered by papers and that he did not know that the weapon was in the truck. He
explained that he did not immediately raise his hands when ordered to do so because he was attempting
to unbuckle his seatbelt.

When conducting a factual sufficiency review, we consider all the evidence equally,
including the testimony of defense witnesses and the existence of alternative hypotheses. Orona v. State,
836 S.W.2d 319, 321 (Tex. App.--Austin 1992, no pet.). We will set aside a verdict for factual
insufficiency only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. Clewis v. State 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d 375,
381 (Tex. App.--Austin 1992, pet. ref'd as untimely filed). Applying this standard to the evidence before
us, we hold that the jury's finding that appellant possessed the pistol was not clearly wrong or unjust. Point
of error three is overruled. 

The alleged prior conviction was Terry County cause number 2825. The State introduced
in evidence the indictment and judgment of conviction from that cause. The indictment accused appellant
of "attempt[ing] to cause the death of Pete Maciula, an individual, by intentionally and knowingly shooting
the said Pete Maciula with a firearm ...." The judgment recites that appellant pleaded guilty "to the charge
contained in the indictment" and was convicted of the lesser included offense of aggravated assault. 

Aggravated assault is a crime of violence as a matter of law. Ortega v. State, 792 S.W.2d
145, 149 (Tex. App.--Amarillo 1990, pet. ref'd). The Terry County judgment states that appellant
pleaded guilty to the charge contained in the indictment, which alleged that he shot Pete Maciula with a
firearm. The evidence is legally sufficient to sustain a finding that the prior felony conviction involved an act
of violence against Pete Maciula. See Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820
S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). Point
of error two is overruled.

Before the jury panel was brought into the courtroom for voir dire, defense counsel
complained that appellant had been brought to the courtroom in leg irons and had passed through the area
where the panelists were gathered. Counsel objected that this infringed on appellant's presumption of
innocence. The objection was overruled, but the court ordered that the leg irons be removed before the
jury entered the courtroom.

Appellant argues that the court "erred [by] allowing [him] to be taken into the presence of
the jury array while in leg irons." The record shows that the court did no such thing. Appellant voiced his
objection after he was allegedly seen by the panelists. There is nothing in the record to suggest that the
district court knew that appellant would be shackled, much less to support the assertion that the court
permitted appellant to be seen by the jury in that state. As soon as the matter was brought to the court's
attention, the leg irons were ordered removed. There is no evidence that any member of the jury saw
appellant wearing the leg irons. Reversible error is not shown. See Long v. State, 823 S.W.2d 259, 283
(Tex. Crim. App. 1991). Point of error one is overruled.

The judgment of conviction is affirmed.



 

 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Jones and Kidd; Chief Justice Carroll not participating

Affirmed

Filed: February 26, 1998

Do Not Publish



eley, was in the pickup with appellant at the time
of the stop. Blakeley did not testify. The pickup belonged to John Jackson. Jackson testified that
appellant was driving the pickup with his permission and that the pistol belonged to him. Appellant testified
that the pistol had been covered by papers and that he did not know that the weapon was in the truck. He
explained that he did not immediately raise his hands when ordered to do so because he was attempting
to unbuckle his seatbelt.

When conducting a factual sufficiency review, we consider all the evidence equally,
including the testimony of defense witnesses and the existence of alternative hypotheses. Orona v. State,
836 S.W.2d 319, 321 (Tex. App.--Austin 1992, no pet.). We will set aside a verdict for factual
insufficiency only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. Clewis v. State 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d 375,
381 (Tex. App.--Austin 1992, pet. ref'd as untimely filed). Applying this standard to the evidence before
us, we hold that the jury's finding that appellant possessed the pistol was not clearly wrong or unjust. Point
of error three is overruled. 

The alleged prior conviction was Terry County cause number 2825. The State introduced
in evidence the indictment and judgment of conviction from that cause. The indictment accused appellant
of "attempt[ing] to cause the death of Pete Maciula, an