TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00291-CR






Sterling Roe, Sr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0974413, HONORABLE TOM BLACKWELL, JUDGE PRESIDING







A jury found appellant Sterling Roe, Sr., guilty of aggravated sexual assault of a
child, indecency with a child by contact, and indecency with a child by exposure. See Tex. Penal
Code Ann. §§ 22.021 (West 1994 & Supp. 1999), 21.11 (West 1994). Appellant contends the
district court erred by refusing to suppress his written confession, and that the evidence is legally
and factually insufficient to support the findings of guilt. We will overrule these contentions and
affirm.

The complaining witness was appellant's twelve-year-old son, who lived with
appellant's former wife but spent the week of spring break 1997 with appellant. The boy testified
that during that week, appellant showed him pornographic videos, masturbated in the boy's
presence, and had the boy masturbate as well. Appellant repeatedly touched the boy's penis with
his hand, placed the boy's penis in his mouth, and penetrated the boy's anus with his penis. On
one occasion, appellant had the boy penetrate appellant's anus. On July 30, 1997, after the
complainant's outcry to his mother, appellant gave police a written statement admitting that he
masturbated in front of the boy and penetrated the boy with his penis, but asserting that he did
these things only once. This statement was admitted in evidence. A doctor who examined the
complainant testified that the boy's anus had an appearance consistent with repeated anal
penetration. 

In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). Appellant
argues that without his confession, which he contends should not have been admitted, the State's
evidence does not meet this test. This argument fails for three reasons. First, the confession was
properly admitted in evidence, as we will discuss below. Second, we would consider the
confession in determining the legal sufficiency of the evidence even if it had been erroneously
admitted. See Miles v. State, 918 S.W.2d 511, 512 (Tex. Crim. App. 1996). Third, the evidence
is sufficient even without the confession. The complainant's testimony, standing alone, establishes
all elements of the three offenses for which appellant was convicted. Point of error one is
overruled.

When conducting a factual sufficiency review, the evidence is not viewed in the
light most favorable to the verdict. Instead, all the evidence is considered equally, including the
testimony of defense witnesses and the existence of alternative hypotheses. Orona v. State, 836
S.W.2d 319, 321 (Tex. App.--Austin 1992, no pet.). We must maintain appropriate deference to
the jury's verdict, however, and will reverse for factual insufficiency only when the verdict is so
against the great weight of the evidence as to be clearly wrong and unjust. Reina v. State, 940
S.W.2d 770, 773 (Tex. App.--Austin 1997, pet. ref'd); see Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd
as untimely filed).

Appellant retracted his confession at trial, testified that he did not commit the
alleged offenses, and suggested that his son had falsely accused him because he was angry about
being punished for his misconduct at school. A defense social worker also testified that appellant
does not fit the profile of a pedophile. The jury was the exclusive judge of the credibility of the
witnesses and the weight to give their testimony. Castellano v. State, 810 S.W.2d 800, 807 (Tex.
App.--Austin 1991, no pet.); Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979). After
considering all the testimony, for both the prosecution and the defense, we do not find the guilty
verdicts to be so against the great weight of the evidence as to be clearly wrong or unjust. Point
of error two is overruled.

Finally, appellant urges that his confession was the involuntary product of a
polygraph examination, and that its admission in evidence violated his rights to due process and
due course of law. See U. S. Const. amend. XIV; Tex. Const. art. I, § 19; Tex. Code Crim.
Proc. art. 38.23(a) (West Supp. 1999). The relevant facts are undisputed. We review the district
court's application of law to the facts de novo. See Maestas v. State, 987 S.W.2d 59, 62 (Tex.
Crim. App. 1999).

When first interviewed by the police, appellant denied having sexual contact with
his son. Appellant agreed to take a polygraph examination, and did so on July 30, 1997. Before
the exam was administered, appellant was advised of his rights pursuant to Miranda v. Arizona,
384 U.S. 436 (1966). At the conclusion of the polygraph exam, appellant was told by the
examiner that the results indicated he was being deceptive. At this point, appellant admitted a
single act of sexual assault, the polygraph examiner left the room, and appellant was questioned
further by the investigating officer. After again being advised of his Miranda rights, appellant
gave the written confession summarized previously.

Appellant correctly points out that polygraph examinations are considered
unreliable and their results are not admissible in evidence. See United States v. Scheffer, 523
U.S. ___, 140 L. Ed. 2d 413 (1998). It is appellant's argument that use of a polygraph
examination as an interview technique renders any subsequent inculpatory statement involuntary
and inadmissible. Appellant asserts that the "pressure of being told that he was deceptive on the
examination" caused him to "conform[ ] his story to match the allegations" against him.

The Texas Court of Criminal Appeals has held that the use of the polygraph as a
means of interrogation does not violate an accused's constitutional rights or render a subsequent
confession involuntary. Webb v. State, 291 S.W.2d 331, 334 (Tex. Crim. App. 1956). Appellant
cites no authority to the contrary. Appellant asserts that he was compelled to take the polygraph,
but this assertion is not supported by the record. There is no evidence that the police used threats
or promises either to induce appellant to take the polygraph exam or to give his subsequent
confession. The uncontradicted testimony is that appellant made an appointment to take the
examination and came to the police substation at the appointed time. There is no evidence that
appellant was uncomfortable in any way while at the substation. Although appellant was not
under arrest or in custody, he was advised of his rights both before the polygraph exam and before
he gave his subsequent statement. After giving the statement, appellant was permitted to leave
and go home.

The use of the polygraph examination in this case did not violate appellant's
constitutional rights. Telling appellant he was deceptive on the examination did not, in itself,
render appellant's subsequent confession involuntary. In the absence of any evidence of coercion,
the district court correctly concluded that appellant's confession was voluntary and admissible. 
Point of error three is overruled.

The judgment of conviction is affirmed.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: September 10, 1999

Do Not Publish



d that appellant
does not fit the profile of a pedophile. The jury was the exclusive judge of the credibility of the
witnesses and the weight to give their testimony. Castellano v. State, 810 S.W.2d 800, 807 (Tex.
App.--Austin 1991, no pet.); Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979). After
considering all the testimony, for both the prosecution and the defense, we do not find the guilty
verdicts to be so against the great weight of the evidence as to be clearly wrong or unjust. Point
of error two is overruled.

Finally, appellant urges that his confession was the involuntary product of a
polygraph examination, and that its admission in evidence violated his rights to due process and
due course of law. See U. S. Const. amend. XIV; Tex. Const. art. I, § 19; Tex. Code Crim.
Proc. art. 38.23(a) (West Supp. 1999). The relevant facts are undisputed. We review the district
court's application of law to the facts de novo. See Maestas v. State, 987 S.W.2d 59, 62 (Tex.
Crim. App. 1999).

When first interviewed by the police, appellant denied having sexual contact with
his son. Appellant agreed to take a polygraph examination, and did so on July 30, 1997. Before
the exam was administered, appellant was advised of his rights pursuant to Miranda v. Arizona,
384 U.S. 436 (1966). At the conclusion of the polygraph exam, appellant was told by the
examiner that the results indicated he was being deceptive. At this point, appellant admitted a
single act of sexual assault, the polygraph examiner left the room, and appellant was questioned
further by the investigating officer. After again being advised of his Miranda rights, appellant
gave the written confession summarized previously.

Appellant correctly points out that polygraph examinations are considered
unreliable and their results are not admissible in evidence. See United States v. Scheffer, 523
U.S. ___, 140 L. Ed. 2d 413 (1998). It is appellant's argument that use of a polygraph
examination as an interview technique renders any subsequent inculpatory statement involuntary
and inadmissible. Appellant asserts that the "pressure of being told that he was deceptive on the
examination" caused him to "conform[ ] his story to match the allegations" against him.

The Texas Court of Criminal Appeals has held that the use of the polygraph as a
means of interrogation does not violate an accused's constitutional rights or render a subsequent
confession involuntary. Webb v. State, 291 S.W.2d 331, 334 (Tex. Crim. App. 1956). Appellant
cites no authority to the contrary. Appellant asserts that he was compelled to take the polygraph,
but this assertion is not supported by the record. There is no evidence that the police used threats
or promises either to induce appellant to take the polygraph exam or to give his subsequent
confession. The uncontradicted testimony is that appellant made an appointment to take the
examination and came to the police substation at the appointed time. There is no evidence that
appellant was uncomfortable in any way while at the substation. Although appellant was not
under arrest or in custody, he was advised of his rights both before the polygraph exam and before
he gave his subsequent statement. After giving the statement, appellant was permitted to leave
and go home.

The use of the polygraph examination in this case did not violate appellant's
constitutional rights. Telling appellant he was deceptive on the examination did not, in itself,
render appellant's subsequent confession involuntary. In the absence of any evidence of coercion,
the district court correctly concluded that appellant's confession was voluntary and admissible. 
Point of error three is overruled.

The judgment of conviction is affirmed.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Abo