TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00013-CR







Russell Lynn Raymer, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. 18,181, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING







A jury found appellant Russell Lynn Raymer guilty of stealing property having a
value of more than $750, a third-degree felony at the time of the offense. See Act of May 23,
1991, 72d Leg., R.S., ch. 565, § 1, 1991 Tex. Gen. Laws 2003 (Tex. Penal Code Ann.
§ 31.03(e)(4)(A), since amended). (1) The district court assessed punishment at imprisonment for
ten years. We will affirm.

Raymer contends the evidence is legally and factually insufficient to sustain the
jury's verdict. The test for legal sufficiency is whether, after viewing all the evidence in the light
most favorable to the verdict, any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 324 (1979);
Griffin v. State, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981). In a factual sufficiency
review, the evidence is not viewed in the light most favorable to the verdict. Instead, all the
evidence is considered equally, including the testimony of defense witnesses and the existence of
alternative hypotheses. See Orona v. State, 836 S.W.2d 319, 321 (Tex. App.--Austin 1992, no
pet.). A factual sufficiency review asks whether a neutral review of all the evidence, both for and
against the finding of guilt, demonstrates that the proof of guilt is so obviously weak or so greatly
outweighed by contrary proof as to undermine confidence in the jury's determination. See
Johnson v. State, No. 1915-98, slip op. at 18 (Tex. Crim. App. Feb. 9, 2000). A verdict may
be set aside for factual insufficiency only if a finding of guilt beyond a reasonable doubt is clearly
wrong and unjust. See Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v.
State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd as untimely filed). 

Raymer was employed by the complaining witness, Robert Mosely. On the night
in question, knowing that Raymer did not have a place to live, Mosely offered to let Raymer sleep
on a pallet in Mosely's living room. When Mosely left Raymer to go to bed, Mosely's 12-gauge
shotgun was under the coffee table and his .44-caliber revolver was on the couch. Mosely was
later awakened by his neighbor's shouts. Mosely went outside and saw Raymer running away
carrying a shotgun and a handgun. When Mosely reentered his house, he discovered that the
shotgun and revolver that had been in the living room were missing.

Mosely's neighbor, Samuel Wesson, was sitting on his front porch that night when
he saw Raymer outside Mosely's house holding a rifle. When Raymer saw Wesson, he began to
run. Wesson shouted to Mosely and chased Raymer on foot. Wesson lost sight of Raymer, but
then encountered him as he turned a corner. Raymer pointed a pistol at Wesson, who fled for
safety.

Raymer points out that the stolen firearms were never recovered and that neither
witness positively identified the weapons he saw him carrying. He also points to certain
inconsistencies in the testimony of the two witnesses. Viewing the evidence in the light most
favorable to the verdict, however, the jury could reasonably find from the circumstances that
Raymer stole Mosely's shotgun and revolver. Moreover, the jury's verdict is not clearly wrong
or unjust. We are not free to reweigh the evidence and set aside a verdict merely because we feel
that a different result is more reasonable. See Clewis v. State, 922 S.W.2d 126, 135 (Tex. Crim.
App. 1996); Reina v. State, 940 S.W.2d 770, 773 (Tex. App.--Austin 1997, pet. ref'd).

The points of error are overruled and the judgment of conviction is affirmed.



 


 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: August 31, 2000

Do Not Publish
1. The offense occurred in December 1991. The jury found Raymer guilty in February 1992,
but he failed to appear for sentencing. Sentence was imposed in December 1999.



/STRONG>






A jury found appellant Russell Lynn Raymer guilty of stealing property having a
value of more than $750, a third-degree felony at the time of the offense. See Act of May 23,
1991, 72d Leg., R.S., ch. 565, § 1, 1991 Tex. Gen. Laws 2003 (Tex. Penal Code Ann.
§ 31.03(e)(4)(A), since amended). (1) The district court assessed punishment at imprisonment for
ten years. We will affirm.

Raymer contends the evidence is legally and factually insufficient to sustain the
jury's verdict. The test for legal sufficiency is whether, after viewing all the evidence in the light
most favorable to the verdict, any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 324 (1979);
Griffin v. State, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981). In a factual sufficiency
review, the evidence is not viewed in the light most favorable to the verdict. Instead, all the
evidence is considered equally, including the testimony of defense witnesses and the existence of
alternative hypotheses. See Orona v. State, 836 S.W.2d 319, 321 (Tex. App.--Austin 1992, no
pet.). A factual sufficiency review asks whether a neutral review of all the evidence, both for and
against the finding of guilt, demonstrates that the proof of guilt is so obviously weak or so greatly
outweighed by contrary proof as to undermine confidence in the jury's determination. See
Johnson v. State, No. 1915-98, slip op. at 18 (Tex. Crim. App. Feb. 9, 2000). A verdict may
be set aside for factual insufficiency only if a finding of guilt beyond a reasonable doubt is clearly
wrong and unjust. See Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v.
State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd as untimely filed). 

Raymer was employed by the complaining witness, Robert Mosely. On the night
in question, knowing that Raymer did not have a place to live, Mosely offered to let Raymer sleep
on a pallet in Mosely's living room. When Mosely left Raymer to go to bed, Mosely's 12-gauge
shotgun was under the coffee table and his .44-caliber revolver was on the couch. Mosely was
later awakened by his neighbor's shouts. Mosely went outside and saw Raymer running away
carrying a shotgun and a handgun. When Mosely reentered his house, he discovered that the
shotgun and revolver that had been in the living room were missing.

Mosely's neighbor, Samuel Wesson, was sitting on his front porch that night when
he saw Raymer outside Mosely's house holding a rifle. When Raymer saw Wesson, he began to
run. Wesson shouted to Mosely and chased Raymer on foot. Wesson lost sight of Raymer, but
then encountered him as he turned a corner. Raymer pointed a pistol at Wesson, who fled for
safety.

Raymer points out that the stolen firearms were never recovered and that neither
witness positively identified the weapons he saw him carrying. He also points to certain
inconsistencies in the testimony of the two witnesses. Viewing the evidence in the light most
favorable to the verdict, however, the jury could reasonably find from the circumstances that
Raymer stole Mosely's shotgun and revolver. Moreover, the jury's verdict is not clearly wrong
or unjust. We are not f