# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-00-00233-CR

**Jay Aloysius Moritz, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF DALLAS COUNTY, 292ND JUDICIAL DISTRICT
### NO. F-9901903-WV, HONORABLE HENRY WADE, JR., JUDGE PRESIDING

The district court found appellant Jay Aloysius Moritz guilty of theft and assessed punishment at incarceration in a state jail for two years, probated. Tex. Penal Code Ann. § 31.03(a), (e)(4)(A) (West Supp. 2000). Appellant's only point of error is that the evidence is factually insufficient to sustain the conviction. We will affirm.

In a factual-sufficiency review, the evidence is not viewed in the light most favorable to the verdict. Instead, all the evidence is considered equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.–Austin 1992, no pet.). A factual-sufficiency review asks whether a neutral review of all the evidence, both for and against the finding of guilt, demonstrates that the proof of guilt is so obviously weak or so greatly outweighed by contrary proof as to undermine confidence in the fact finder's determination. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). A verdict may be set aside only if a finding of guilt beyond a reasonable doubt is

clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); *Stone v. State*, 823 S.W.2d 375, 381 (Tex. App.–Austin 1992, pet. ref'd as untimely filed).

On June 30, 1998, appellant purchased a computer from Shakil Sattar, who was doing business as Texas Micro Computers. Sattar testified that appellant told him that he was a software engineer. Appellant gave Sattar a business card indicating that appellant was president of Golden Touch Software, with offices in a suite on Preston Road in Dallas. It was shown that the Preston Road address was a mail drop and that the suite did not exist. Appellant paid Sattar by check, but asked him to hold the check for a week until he was paid for work he was doing. Sattar made several calls to appellant's bank over the next month, asking if appellant's account had sufficient funds to pay the check. It never did. Sattar eventually deposited the check, which was returned for insufficient funds. Sattar also learned that appellant's credit card, an imprint of which he had taken at the time of the sale in case the check did not clear, was in fact a debit card linked to appellant's checking account.

In mid-August 1998 appellant came to Sattar's business and offered to work off his debt. Sattar rejected the offer and called the police. Appellant ran away. Appellant later entered the district attorney's hot-check diversion program. Pursuant to this program, appellant signed an admission that he wrote the check to Sattar knowing he did not have sufficient funds and agreed to a schedule of payments. Appellant failed to make any of the agreed payments.

Appellant testified that he had an agreement with Sattar to work for him in exchange for the computer. Appellant called two witnesses who testified that they were under the impression that appellant worked for Sattar. One of these witnesses, Allen Baugh, testified that he paid Sattar $90 an hour for appellant's work repairing computers Baugh purchased from Sattar.

In rebuttal, Sattar denied having any employment relationship with appellant. Sattar acknowledged referring appellant to Baugh, hoping that appellant would earn money to pay for the computer. Sattar denied billing Baugh for appellant's services, saying that Baugh paid him only for work done by a man actually employed by Sattar.

In the exercise of our fact jurisdiction, we are not free to reweigh the evidence and set aside a verdict merely because we feel that a different result is more reasonable. *Clewis v. State*, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996); *Reina v. State*, 940 S.W.2d 770, 773 (Tex. App.–Austin 1997, pet. ref'd). We must maintain appropriate deference to the trier of fact by finding reversible error only when the record clearly indicates that the verdict is wrong and manifestly unjust. *Johnson*, 23 S.W.3d at 9; *Reina*, 940 S.W.2d at 773. A decision is not manifestly unjust because the fact finder resolved conflicting views of the evidence in the State's favor. *Roise v. State*, 7 S.W.3d 225, 233 (Tex. App.–Austin 1999, pet. ref'd). Having reviewed all the evidence, we conclude that the finding of guilt is not clearly wrong or unjust.

The point of error is overruled and the judgment of conviction is affirmed.


_____

Lee Yeakel, Justice

Before Justices Jones, Kidd and Yeakel

Affirmed

Filed: November 16, 2000

Do Not Publish

3