**Abel Garcia ORONA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–91–308–CR.**

Court of Appeals of Texas,
Austin.

Aug. 12, 1992.

Walter C. Prentice, Austin, for appellant.

Ken Anderson, Dist. Atty., John M. Bradley, Asst. Dist. Atty., Williamson County, Georgetown, for appellee.

Before POWERS, JONES and KIDD, JJ.

PER CURIAM.

Appellant was convicted of indecency with a child and aggravated sexual assault, and sentenced to twenty years imprisonment and life imprisonment, respectively. Tex. Penal Code Ann. §§ 22.021(a)(1)(B)(i), (2)(B), 21.11(a) (1989). In four points of error, appellant alleges that the district court erred in rendering judgment because: (1) the evidence is legally insufficient to support a verdict that appellant was guilty of aggravated sexual assault; (2) the evidence is legally insufficient to support a verdict that appellant was guilty of indecency with a child; (3) the evidence is factually insufficient to support a verdict that appellant was guilty of aggravated sexual assault; and (4) the evidence is factually insufficient to support a verdict that appellant was guilty of indecency with a child.[1] We will affirm.

Appellant's stepdaughter testified that appellant came into her room at night and penetrated her anus with his penis. The victim said that her stepsister was in bed when the incident occurred and that she held her stepsister's hand while appellant penetrated her. The stepsister testified that appellant came into the room on the night in question, but the stepsister denied seeing her father molest the victim. The victim also testified that this incident was not the only time appellant had sex with her. A pediatrician testified that the victim had fissures on her rectum consistent with

---

**1.** Because a motion for new trial is not a prerequisite for a factual-sufficiency point of error in a criminal appeal, the specific assertion of error in a factual-sufficiency point of error is that the trial court erred in rendering judgment, not that the trial court erred in refusing to grant a new trial. *Compare* Tex.R.Civ.P.Ann. 324(b) (Supp. 1992) *with* Tex.R.App.P.Ann. 30(a) (Pamph. 1992).

penetration by a penis. Finally, a child-protective-service specialist testified that the victim initially denied being sexually abused, but later said that appellant penetrated her.

█ The critical inquiry on review of the legal sufficiency of the evidence to support a criminal conviction is whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. The appellate court does not ask whether it believes that the evidence at trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Griffin v. State,* 614 S.W.2d 155, 159 (Tex.Crim.App.1981).

█ When the court of appeals conducts a factual-sufficiency review, the court views all the evidence equally, including the testimony of defense witnesses and the existence of alternative hypotheses. The court does not view the evidence in the light most favorable to the prosecution as it does in legal-sufficiency review. The court should set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Stone v. State,* 823 S.W.2d 375, 381 (Tex.App.1992, State's pet. ref'd, untimely filed, and State's mot. for discretionary review without pet. denied); *see Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

█ When both factual- and legal-sufficiency points of error are raised, the court of appeals must first examine the legal sufficiency of the evidence. *Glover v. Texas Gen. Indem. Co.,* 619 S.W.2d 400, 401 (Tex.1981). When a court sustains a defendant's legal-sufficiency point of error, the court reverses and reforms the judgment of the trial court to reflect an acquittal. When a court sustains a defendant's factual-sufficiency point of error, the court reverses the judgment of the trial court and

remands the cause for a new trial, a result that apparently does not offend the Double Jeopardy Clause of the Fifth Amendment. *See Tibbs v. Florida,* 457 U.S. 31, 32, 102 S.Ct. 2211, 2213, 72 L.Ed.2d 652 (1982); *Stone,* 823 S.W.2d at 381 n. 9. Obviously a defendant is entitled to an acquittal if one is warranted under the record.

The State initially requests that we reconsider our opinion in *Stone.* Although not cited by the State, the only express criticism of *Stone* has been the Fourteenth Court's opinion in *Mukes v. State,* 828 S.W.2d 571 (Tex.App.1992, no pet.). *Mukes* states, in contrast to our opinion in *Stone,* that the Fourteenth Court has not limited the ability of the appellate court to review the factual sufficiency of the evidence in criminal cases; rather, *Mukes* implies that it is the court of criminal appeals' opinion in *Meraz v. State* that limits factual-sufficiency review. *Meraz,* 785 S.W.2d 146 (Tex.Crim.App.1990); *Mukes,* 828 S.W.2d at 573–74.

We respectfully continue to disagree with the Fourteenth Court of Appeals that *Meraz* limited factual-sufficiency review to issues on which the defendant had the burden of proof, or that the legal-sufficiency test enunciated in *Jackson v. Virginia* prohibits factual-sufficiency review of the evidence relative to the state's proof of the elements of the offense. *See Jackson,* 443 U.S. at 319 n. 13, 99 S.Ct. at 2789 n. 13, (*Jackson* test for constitutional adequacy of evidence does not refer to appellate court's potential factfinding power); *Meraz,* 785 S.W.2d at 156 (expressly stating that court of criminal appeals was expressing no opinion on role of courts of appeals in reviewing factual sufficiency of evidence relative to proof of elements of offense).

█ Contrary to the Fourteenth Court's assertion in *Mukes,* factual-sufficiency review of the evidence relative to the state's proof of the elements of the offense does not result in unfair relief for a defendant from the state's burden of proof beyond a reasonable doubt. *See Mukes,* 828 S.W.2d at 574. By the time the court of appeals reaches the factual-sufficiency point of er-

ror, the court must already have presumed that the evidence supporting the jury's verdict is constitutionally sufficient for purposes of the Due Process Clause of the Fourteenth Amendment. *Stone,* 823 S.W.2d at 381. A factually-insufficient-evidence point of error does not import the preponderance-of-the-evidence burden of proof into a factual-sufficiency review. *Id.* Such a point of error asks only that the court of appeals, after considering all the evidence without the prism of "in the light most favorable to the prosecution," set aside a verdict that is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. If factual-sufficiency review is "fair" in civil cases, how can it be "unfair" to afford criminal defendants the protection mandated under our state constitution when a constitutionally sufficient verdict nonetheless appears to be clearly wrong and unjust?

■ The State also questions the continuing validity of our opinion in *Stone* in light of the opinion of the court of criminal appeals in *Geesa v. State,* in which that court abolished the "reasonable hypothesis analytical construct." *Geesa,* 820 S.W.2d 154 (Tex.Crim.App.1991). *Geesa* rightfully abolished the logically inconsistent requirement in a circumstantial-evidence case that a legal-sufficiency review, in which the appellate court must view the evidence in the light most favorable to the prosecution, must also negate the existence of any alternate reasonable hypothesis inconsistent with the defendant's guilt. The old test impermissibly placed the appellate court in the posture of a "thirteenth juror." The State erroneously assumes, however, that a proper application of the *Jackson* legal-sufficiency review results in an affirmation that the jury properly found the defendant guilty beyond a reasonable doubt. A proper application of the *Jackson* legal-suffi-

ciency review results only in the appellate court's conclusion that Fourteenth Amendment due process was not violated, i.e., that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The jury's verdict might pass federal constitutional muster and still be suspect due to the existence of an alternate reasonable hypothesis. Factual-sufficiency review is the proper method to raise such concerns.[2]

■ In points of error 1 and 2, appellant alleges that the district court erred in rendering judgment because the evidence is legally insufficient to support a verdict that he was guilty of indecency with a child and aggravated sexual assault. After reviewing the record, we conclude that legally sufficient evidence exists, when viewed in the light most favorable to the prosecution, from which a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The child victim testified that appellant penetrated her anus with his penis, and a pediatrician testified that the victim exhibited a fissure on her rectum that was consistent with such penetration. While some of the evidence was conflicting, it is legally sufficient to uphold the conviction. Points of error 1 and 2 are overruled.

In points of error 3 and 4, appellant alleges that the district court erred in rendering judgment because the evidence is factually insufficient to support a verdict that appellant was guilty of indecency with a child and aggravated sexual assault. Even when we view the evidence without the prism of "in the light most favorable to the prosecution," we hold that the verdict is not so contrary to the overwhelming weight of the evidence as to be clearly

---

**2.** The test for factual sufficiency when an alternate reasonable hypothesis exists is not the now-rejected test in *Carlsen:* a conviction based on circumstantial evidence must exclude every other reasonable hypothesis except the guilt of the accused. *See Carlsen v. State,* 654 S.W.2d 444, 447 (Tex.Crim.App.1983), *overruled by Geesa v. State,* 820 S.W.2d 154 (Tex.Crim.App.1991). Instead, the test for factual sufficiency when an alternate reasonable hypothesis exists is that the verdict should be set aside only if it is so contrary to the overwhelming weight of the evidence, i.e., the alternate reasonable hypothesis, as to be clearly wrong and unjust. Factual-sufficiency review does not, as the State suggests, resurrect the alternate-reasonable-hypothesis monster slain in *Geesa.*

wrong and unjust. Points of error 3 and 4 are overruled.

The judgment of conviction is affirmed.