IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-367-CR




DERRICK UNDRA BROWN,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT



NO. 42,299, HONORABLE RICK MORRIS, JUDGE PRESIDING


 




PER CURIAM

 A jury found appellant guilty of aggravated robbery. Tex. Penal Code Ann. 
§ 29.03 (West Supp. 1993). The district court assessed punishment at imprisonment for twenty
years.

 In his only point of error, appellant contends the evidence is factually insufficient
to sustain the conviction. See Stone v. State, 823 S.W.2d 375 (Tex. App.--Austin 1992, pet. ref'd
as untimely filed). (1) When conducting a factual-sufficiency review, we do not view the evidence
in the light most favorable to the verdict. Instead, we consider all the evidence equally, including
the testimony of defense witnesses and the existence of alternative hypotheses. Orona v. State,
836 S.W.2d 319 (Tex. App.--Austin 1992, no pet.). We will set aside the verdict only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Stone,
823 S.W.2d at 381; Orona, 836 S.W.2d at 321.

 Frank Pedroza testified that when he stopped at a stop sign on the night of October
12, 1992, a man he identified as appellant pulled in front of his car on a moped. A second man,
codefendant David Bernard Shores, appeared at the window on the passenger's side of Pedroza's
car and ordered him out. Pedroza refused. A third man, codefendant Will Kendrick Johnson,
began to hit Pedroza through the open driver's side window. Shores opened the car door and
began to kick Pedroza. Appellant produced a pistol, pointed it at Pedroza's face, and threatened
to shoot him if he did not cooperate. Shores took Pedroza's wallet from the dashboard, and the
three men fled.

 Pedroza identified his assailants in two photographic lineups shown to him shortly
after the offense. These photo spreads were introduced in evidence, and Pedroza had some initial
difficulty linking codefendants Johnson and Shores with their photographs. The record suggests
that this was due in part to a significant change in Shores's appearance. Pedroza never hesitated
in his identification of appellant and had no difficulty identifying appellant's photograph.

 Appellant's girlfriend, Cheryle Kamas, testified that appellant and Shores were with
her in her apartment at the time of the attack on Pedroza. A Temple police officer testified in
rebuttal that Kamas's reputation for truth and veracity was bad. Another defense witness, Harriet
Garnett, testified that she saw Johnson in a Killeen night club at the time of the offense. 

 It was the jury's responsibility as trier of fact to determine the credibility of the
witnesses and the weight to give their testimony. Tex. Code Crim. Proc. Ann. art. 38.04 (West
1979). By their verdict, the jury indicated that they believed Pedroza and disbelieved the defense
witnesses. The jury's verdict is not so contrary to the overwhelming weight of the evidence as
to be clearly wrong and unjust. The point of error is overruled.

 The judgment of conviction is affirmed.



Before Justices Powers, Jones and Kidd

Affirmed

Filed: November 10, 1993

Do Not Publish

1.   The State asserts that this point was not preserved for review. In a civil case, a factual
sufficiency point must be preserved by a motion for new trial. Tex. R. Civ. P. 324(b). This
is not necessary in a criminal case. Tex. R. App. P. 30(a). The point of error is properly
before us.