TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00500-CR






Curtis Anthony Sanders, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0982914, HONORABLE TOM BLACKWELL, JUDGE PRESIDING







A jury found appellant Curtis Anthony Sanders guilty of delivering a simulated
controlled substance and assessed punishment at incarceration in a state jail for two years and a
$4501 fine. Tex. Health & Safety Code Ann. § 482.002(a), (d) (West Supp. 1999). In his only
point of error, appellant contends the evidence does not sustain his conviction. We will affirm.

On the afternoon of June 3, 1998, undercover Austin police officer Edward Johnson
approached a group of about twenty persons on Navasota Street. He was being watched by a close
cover unit of undercover officers parked nearby. An identification team of uniformed officers was
also in the area, but further away. Johnson asked the group if "anybody here can hook me up with
a 20," meaning a $20 rock of crack cocaine. A man emerged from the group and, after some
conversation, sold Johnson what appeared to be a rock of crack cocaine. Later testing showed that
the substance was not cocaine.

Johnson was in radio contact with both the close cover and identification units. As
he drove away after making the purchase, he radioed a description of the dealer: dirty brown
pants, no shirt, a number of distinctive scars on the chest and shoulders. The close cover officers
watched this man as he walked into a storage shed behind a deserted house at the corner of
Navasota and Myrtle Streets. Acting on this information, the uniformed identification officers
drove to that location and entered the shed. They found appellant sitting on a couch. His dress
and physical appearance, including the scars, matched Johnson's description. Appellant was
photographed, and Johnson later identified the photo as being the man who sold him the
contraband. No money or suspected narcotics were found in the shed or on appellant's person.

Appellant testified that he was the man the officers found in the shed. He denied
selling anything to Johnson.

Appellant argues that if he were the man who sold Johnson the suspected crack
cocaine, he would have had the $20, and perhaps additional simulated rocks of crack cocaine, in
his possession when found in the shed. Because he did not, appellant concludes that the evidence
does not support his conviction. He does not specify whether he is attacking the legal or the
factual sufficiency of the evidence.

In a legal sufficiency review, the question is whether, after viewing all the evidence
in the light most favorable to the verdict, any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979);
Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex.
Crim. App. 1981). In a factual sufficiency review, the evidence is not viewed in the light most
favorable to the verdict. Instead, all the evidence is considered equally, including the testimony
of defense witnesses and the existence of alternative hypotheses. Orona v. State, 836 S.W.2d 319,
321 (Tex. App.--Austin 1992, no pet.). A verdict will be set aside for factual insufficiency only
if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. 
Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d 375,
381 (Tex. App.--Austin 1992, pet. ref'd as untimely filed).

Appellant matched Johnson's radioed description and was identified by Johnson as
the man who sold him the simulated controlled substance. This evidence is clearly sufficient to
sustain the verdict as a matter of law. As trier of fact, it was for the jury to determine the weight,
if any, to give the officers' failure to recover the $20 and appellant's protestation of innocence. 
It cannot be said that the jury's verdict is so contrary to the great weight of the evidence as to be
clearly wrong or unjust. The point of error is overruled.

The judgment of conviction is affirmed.



 

 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: May 6, 1999

Do Not Publish



llant Curtis Anthony Sanders guilty of delivering a simulated
controlled substance and assessed punishment at incarceration in a state jail for two years and a
$4501 fine. Tex. Health & Safety Code Ann. § 482.002(a), (d) (West Supp. 1999). In his only
point of error, appellant contends the evidence does not sustain his conviction. We will affirm.

On the afternoon of June 3, 1998, undercover Austin police officer Edward Johnson
approached a group of about twenty persons on Navasota Street. He was being watched by a close
cover unit of undercover officers parked nearby. An identification team of uniformed officers was
also in the area, but further away. Johnson asked the group if "anybody here can hook me up with
a 20," meaning a $20 rock of crack cocaine. A man emerged from the group and, after some
conversation, sold Johnson what appeared to be a rock of crack cocaine. Later testing showed that
the substance was not cocaine.

Johnson was in radio contact with both the close cover and identification units. As
he drove away after making the purchase, he radioed a description of the dealer: dirty brown
pants, no shirt, a number of distinctive scars on the chest and shoulders. The close cover officers
watched this man as he walked into a storage shed behind a deserted house at the corner of
Navasota and Myrtle Streets. Acting on this information, the uniformed identification officers
drove to that location and entered the shed. They found appellant sitting on a couch. His dress
and physical appearance, including the scars, matched Johnson's description. Appellant was
photographed, and Johnson later identified the photo as being the man who sold him the
contraband. No money or suspected narcotics were found in the shed or on appellant's person.

Appellant testified that he was the man the officers found in the shed. He denied
selling anything to Johnson.

Appellant argues that if he were the man who sold Johnson the suspected crack
cocaine, he would have had the $20, and perhaps additional simulated rocks of crack cocaine, in
his possession when found in the shed. Because he did not, appellant concludes that the evidence
does not support his conviction. He does not specify whether he is attacking the legal or the
factual sufficiency of the evidence.

In a legal sufficiency review, the question is whether, after viewing all the evidence
in the light most favorable to the verdict, any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979);
Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex.
Crim. App. 1981). In a factual sufficiency review, the evidence is not viewed in the light most
favorable to the verdict. Instead, all the evidence is considered equally, including the testimony
of defense witnesses and the existence of alternative hypotheses. Orona v. State, 836 S.W.2d 319,
321 (Tex. App.--Austin 1992, no pet.). A verdict will be set aside for factual insufficiency only
if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. 
Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d 375,
381 (Tex. App.--Austin 1992, pet. ref'd as untimely filed).

Appellant matched Johnson's radioed description and was ide