TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00196-CR






Joe Maloy, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0985179, HONORABLE BOB PERKINS, JUDGE PRESIDING







A jury found appellant guilty of robbery. See Tex. Penal Code Ann. § 29.02(a)(1)
(West 1994). The district court assessed punishment, enhanced by two previous felony
convictions, at imprisonment for twenty-four years. Appellant contends the evidence is both
legally and factually insufficient to sustain the jury's verdict. Finding the evidence sufficient in
all respects, we will affirm the conviction.

The indictment alleged that appellant, in the course of committing theft and with
the intent to obtain and maintain control of the property, intentionally, knowingly, and recklessly
caused bodily injury to John Flores and Victor Mendoza "by dragging [them] into a moving motor
vehicle . . . ." Appellant contends the State did not prove that he injured either of the
complainants in the manner alleged.

Mendoza was a loss-prevention investigator for an Austin department store. On
the day in question, he watched appellant place two knit shirts in his pants and walk out of the
store without paying. Mendoza and his supervisor Flores followed appellant into the parking lot,
identified themselves, and attempted to restrain appellant and return him to the store. Appellant
resisted, and "started throwing arms, kicking . . . ." A woman in a small car drove up and
opened the passenger door. Appellant attempted to enter the car as Mendoza and Flores continued
to struggle with him. Mendoza testified:


The female in the vehicle pulled up. He [appellant] was trying to get in the
vehicle. He had one leg in, pulling himself in still, struggling with us with the
other leg, pulling, yanking. I had him from the waist down. My supervisor was
trying to get him from the shoulder and chest area to bring him out. At that time,
the female was yelling, screaming, "Let him go. What's going on?"


. . .


I could still see it [the car] in drive. The lady was very nervous, crying,
screaming. I was starting to inform the female to stop the car, just stop the car. 
At that time, he made himself farther into the vehicle. I was concerned for the
well-being of me and my supervisor. I reached over and turned off the vehicle.



Mendoza testified that he suffered bruises and abrasions to his arms and knee during the struggle
with appellant. He was asked, "[A]t least some part of your body was pulled into the vehicle by
his [appellant's] actions?" He was also asked, "Was the vehicle moving as you-all -- when I say,
'moving,' I don't mean driving forward or back. Was it actually moving as you were all
struggling in the vehicle?" Mendoza answered each of these questions, "Yes."

Flores's description of the struggle in the parking lot was similar to Mendoza's:


He did make it into the vehicle. He was not all the way, but he had -- his
foot was out, and I think his arm was still out. And he -- I don't know if either I
fell in or he pulled me in, but somehow I struck myself with the vehicle on my
mouth and my forehead. And he was trying to -- he was yelling verbal commands
to the female to go, but she came back and said that, you know, she had her kids
and, I guess, didn't want to be a part of that.



Flores testified that in addition to the injuries to his face and head, he had bruises on his arms
where appellant grabbed him. His wrist also was injured when appellant slammed the car door
on it.

In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). When
conducting a factual sufficiency review, the evidence is not viewed in the light most favorable to
the verdict. Instead, all the evidence is considered equally, including the testimony of defense
witnesses and the existence of alternative hypotheses. Orona v. State, 836 S.W.2d 319, 321 (Tex.
App.--Austin 1992, no pet.). A verdict will be set aside for factual insufficiency only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis
v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d 375, 381
(Tex. App.--Austin 1992, pet. ref'd as untimely filed).

Appellant argues that the State did not prove that he intentionally, knowingly, or
recklessly caused bodily injury to either Mendoza or Flores by dragging him into a moving motor
vehicle as alleged in the indictment. He urges that there is no evidence that he grasped either
complainant and physically pulled him into a rolling automobile.

It is undisputed that appellant was physically struggling to escape the grasp of
Mendoza and Flores, enter the automobile, and make his getaway. Mendoza testified that he was
pulled into the car by appellant during the struggle, and sustained scrapes and bruises on his arms
and knee. Flores testified that he struck his mouth and forehead against the vehicle when he fell
or was pulled into the vehicle. While there is no evidence the car was rolling forward or
backward during the altercation, Mendoza testified that it was moving, presumably in a rocking
motion, as he and Flores attempted to prevent appellant's escape. Viewed in the light most
favorable to the jury's verdict, a rational trier of fact could find beyond a reasonable doubt that
appellant intentionally, knowingly, or recklessly caused bodily injury to Mendoza or Flores by
dragging him into a moving motor vehicle. The legal sufficiency issue is overruled.

In his factual sufficiency argument, appellant asks this Court to substitute its
opinion of the evidence for that of the jury. Appellate courts exercise their fact jurisdiction only
to prevent a manifestly unjust result. We are not free to reweigh the evidence and set aside a
verdict merely because we feel that a different result is more reasonable. Clewis, 922 S.W.2d at
135; Reina v. State, 940 S.W.2d 770, 773 (Tex. App.--Austin 1997, pet. ref'd). We must
maintain appropriate deference to the jury's verdict by finding error only when the verdict is so
against the great weight of the evidence as to be clearly wrong and unjust. Reina, 940 S.W.2d
at 773. The verdict in this cause is not against the great weight of the evidence, and therefore we
overrule the factual sufficiency issue.

The judgment of conviction is affirmed.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: November 12, 1999

Do Not Publish



t. And he -- I don't know if either I
fell in or he pulled me in, but somehow I struck myself with the vehicle on my
mouth and my forehead. And he was trying to -- he was yelling verbal commands
to the female to go, but she came back and said that, you know, she had her kids
and, I guess, didn't want to be a part of that.



Flores testified that in addition to the injuries to his face and head, he had bruises on his arms
where appellant grabbed him. His wrist also was injured when appellant sla