TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00161-CR







Francisco Villasenor, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 974323, HONORABLE JON N. WISSER, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



Following a bench trial, the district court found appellant Francisco Villasenor guilty
of robbery, a lesser included offense of aggravated robbery as alleged in the indictment, and
sentenced him to two years in prison. See Tex. Pen. Code Ann. § 29.02 (West 2003). In two points
of error, appellant contends the evidence is legally and factually insufficient to sustain the
conviction. We will affirm.

On the night of September 28, 1997, an intoxicated man entered a South Austin
convenience store. The store clerk, Michael Hernandez, testified that the man brought a beer to the
counter and began fumbling with his money. Hernandez noticed that the man had two containers
of beer tucked inside his pants. Hernandez asked his coworker to call the police and told the man
to put the beer in his pants on the counter. The man refused and told Hernandez that if he had a gun,
he would shoot him. The man reached toward what appeared to be a knife holster attached to his
belt and opened it. Hernandez said he was afraid that the man had a knife, but he never actually saw
one. Concerned for his life and safety, Hernandez assumed a defensive position. The man stepped
forward, then turned and left the store.

Officer Raul Ortegon arrived at the convenience store while Hernandez was still
talking on the telephone to the dispatcher. Hernandez described the man to the officer and showed
him the direction he had gone after leaving the store. Hernandez and the officer walked next door
to a laundromat. Hernandez saw the assailant leaving the laundromat and pointed him out to the
officer, who immediately arrested him. Ortegon testified that he took a knife and a can of beer from
the man.

Appellant was tried for this offense over five years after the robbery. Neither
Hernandez nor Ortegon could identify appellant at trial. The jail record prepared on September 28,
1997, when the robbery suspect was booked into jail by Ortegon was introduced in evidence. An
expert compared the fingerprint on the booking record, which bears the name Francisco Villasenor,
with appellant's fingerprints. The expert testified that the print on the booking record was
appellant's. The evidence also reflects that appellant has a tattoo like the one described on the
booking record.

Appellant argues that the evidence is insufficient to prove his identity as the robber. 
He also urges that the evidence does not support a finding that Hernandez was threatened or placed
in fear. When there is a challenge to the sufficiency of the evidence to sustain a criminal conviction,
the question presented is whether a rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324 (1979) (legal
sufficiency); Griffin v. State, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (legal sufficiency);
Zuniga v. State, No. 539-02, 2004 Tex. Crim. App. LEXIS 668, at *20 (Tex. Crim. App. Apr. 21,
2004) (factual sufficiency). In a legal sufficiency review, all the evidence is reviewed in the light
most favorable to the verdict; it is assumed that the trier of fact resolved conflicts in the testimony,
weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. Griffin,
614 S.W.2d at 159 (citing Jackson, 443 U.S. at 318-19). In a factual sufficiency review, all the
evidence is considered equally, including the testimony of defense witnesses and the existence of
alternative hypotheses. Orona v. State, 836 S.W.2d 319, 321 (Tex. App.--Austin 1992, no pet.). 
Although due deference still must be accorded the fact finder's determinations, particularly those
concerning the weight and credibility of the evidence, the reviewing court may disagree with the
result in order to prevent a manifest injustice. Johnson v. State, 23 S.W.3d 1, 9 (Tex. Crim. App.
2000). The evidence will be deemed factually insufficient to sustain the conviction if the proof of
guilt is too weak or the contrary evidence is too strong to support a finding of guilt beyond a
reasonable doubt. Zuniga, 2004 Tex. Crim. App. LEXIS 668, at *20; see Johnson, 23 S.W.3d at 11.

The fingerprint and tattoo evidence positively identifies appellant as the man who was
identified by Hernandez, arrested by Ortegon, and booked into jail on the night of the robbery. 
Although appellant was arrested and convicted several times for other offenses between September
1997 and his December 2002 trial for this offense, the record does not support appellant's assertion
of res judicata with regard to his identity as the robber. There is no evidence of any previous final
adjudication regarding this offense. See Amstadt v. United States Brass Corp., 919 S.W.2d 644, 652
(Tex. 1996). We also conclude that a rational trier of fact could find beyond a reasonable doubt that
appellant's actions on the night in question threatened or placed Hernandez in fear of imminent
bodily injury. Applying the standards summarized above, we hold that the evidence is both legally
and factually sufficient to sustain the conviction. Points of error one and two are overruled.

The district court's judgment is erroneously dated, misstates appellant's plea, and
reflects a conviction for the wrong offense. The judgment is modified to state that appellant entered
a plea of not guilty, that the court adjudged him guilty of robbery, and that judgment was pronounced
and sentence imposed on January 2, 2003. As modified, the judgment is affirmed.



 __________________________________________

 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Modified and, as Modified, Affirmed

Filed: July 1, 2004

Do Not Publish