# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00161-CR

**Francisco Villasenor, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT NO. 974323, HONORABLE JON N. WISSER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Following a bench trial, the district court found appellant Francisco Villasenor guilty of robbery, a lesser included offense of aggravated robbery as alleged in the indictment, and sentenced him to two years in prison. *See* Tex. Pen. Code Ann. § 29.02 (West 2003). In two points of error, appellant contends the evidence is legally and factually insufficient to sustain the conviction. We will affirm.

On the night of September 28, 1997, an intoxicated man entered a South Austin convenience store. The store clerk, Michael Hernandez, testified that the man brought a beer to the counter and began fumbling with his money. Hernandez noticed that the man had two containers of beer tucked inside his pants. Hernandez asked his coworker to call the police and told the man to put the beer in his pants on the counter. The man refused and told Hernandez that if he had a gun,

he would shoot him. The man reached toward what appeared to be a knife holster attached to his belt and opened it. Hernandez said he was afraid that the man had a knife, but he never actually saw one. Concerned for his life and safety, Hernandez assumed a defensive position. The man stepped forward, then turned and left the store.

Officer Raul Ortegon arrived at the convenience store while Hernandez was still talking on the telephone to the dispatcher. Hernandez described the man to the officer and showed him the direction he had gone after leaving the store. Hernandez and the officer walked next door to a laundromat. Hernandez saw the assailant leaving the laundromat and pointed him out to the officer, who immediately arrested him. Ortegon testified that he took a knife and a can of beer from the man.

Appellant was tried for this offense over five years after the robbery. Neither Hernandez nor Ortegon could identify appellant at trial. The jail record prepared on September 28, 1997, when the robbery suspect was booked into jail by Ortegon was introduced in evidence. An expert compared the fingerprint on the booking record, which bears the name Francisco Villasenor, with appellant's fingerprints. The expert testified that the print on the booking record was appellant's. The evidence also reflects that appellant has a tattoo like the one described on the booking record.

Appellant argues that the evidence is insufficient to prove his identity as the robber. He also urges that the evidence does not support a finding that Hernandez was threatened or placed in fear. When there is a challenge to the sufficiency of the evidence to sustain a criminal conviction, the question presented is whether a rational trier of fact could have found the essential elements of

2

the offense beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (legal sufficiency); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (legal sufficiency); *Zuniga v. State*, No. 539-02, 2004 Tex. Crim. App. LEXIS 668, at *20 (Tex. Crim. App. Apr. 21, 2004) (factual sufficiency).  In a legal sufficiency review, all the evidence is reviewed in the light most favorable to the verdict; it is assumed that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict.  *Griffin*, 614 S.W.2d at 159 (citing *Jackson*, 443 U.S. at 318-19).  In a factual sufficiency review, all the evidence is considered equally, including the testimony of defense witnesses and the existence of alternative hypotheses.  *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.).  Although due deference still must be accorded the fact finder's determinations, particularly those concerning the weight and credibility of the evidence, the reviewing court may disagree with the result in order to prevent a manifest injustice.  *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000).  The evidence will be deemed factually insufficient to sustain the conviction if the proof of guilt is too weak or the contrary evidence is too strong to support a finding of guilt beyond a reasonable doubt.  *Zuniga*, 2004 Tex. Crim. App. LEXIS 668, at *20; *see Johnson*, 23 S.W.3d at 11.

The fingerprint and tattoo evidence positively identifies appellant as the man who was identified by Hernandez, arrested by Ortegon, and booked into jail on the night of the robbery.  Although appellant was arrested and convicted several times for other offenses between September 1997 and his December 2002 trial for this offense, the record does not support appellant's assertion of res judicata with regard to his identity as the robber.  There is no evidence of any previous final adjudication regarding this offense.  *See Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 652

3

(Tex. 1996). We also conclude that a rational trier of fact could find beyond a reasonable doubt that appellant's actions on the night in question threatened or placed Hernandez in fear of imminent bodily injury. Applying the standards summarized above, we hold that the evidence is both legally and factually sufficient to sustain the conviction. Points of error one and two are overruled.

The district court's judgment is erroneously dated, misstates appellant's plea, and reflects a conviction for the wrong offense. The judgment is modified to state that appellant entered a plea of not guilty, that the court adjudged him guilty of robbery, and that judgment was pronounced and sentence imposed on January 2, 2003. As modified, the judgment is affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Modified and, as Modified, Affirmed

Filed:   July 1, 2004

Do Not Publish