TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00024-CR








Rana Ghana, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY


NO. 652,944, HONORABLE JAN BRELAND, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



Following a bench trial, appellant Rana Ghana was convicted of theft and sentenced
to thirty days in jail. See Tex. Pen. Code Ann. § 31.03(a), (e)(2)(A)(i) (West Supp. 2004). In two
points of error, she contends that the evidence is insufficient to sustain the conviction and that the
evidence against her should have been suppressed. We affirm the judgment.

Austin Police Officers Jason Jewett and Gregory Gentry were patrolling the area west
of the University of Texas campus at 8:00 a.m. when they saw appellant pushing a large plastic tub
through an intersection. Appellant was obviously exerting herself, from which the officers surmised
that the tub was heavy. Jewett stopped his patrol car and asked appellant, "What have you got?" 
Appellant told him that she had "paint and stuff" that she got at a building down the street. 
Appellant gestured toward the Castilion, a high-rise dormitory about three blocks away. Appellant
offered to show the contents of the tub to the officers, who had now left the patrol car. She took the
cover off the tub and the officers saw seven commercial-style one-gallon paint cans, some of which
appeared to be unopened. There was also a roll of masking tape still in a plastic wrapper. Appellant
told the officers that she had found the paint near a dumpster and thought that it was trash, but that
she had not spoken to anyone before taking it. She agreed to show the officers where she got the
paint.

The officers drove appellant to the Castilion, and she directed them to a storage area
inside the parking garage that was closed to pedestrians. Jewett was familiar with the building and
knew that the gates offering access to this area were usually closed. Signs posted nearby announced
"no trespassing." More paint and other construction material were in the storage area, which was
forty feet from the nearest dumpster. The officers noticed circles in the dust where the cans in
appellant's possession appeared to have been sitting. 

The officers contacted the property manager, who came to the scene and identified
the paint and other items in the tub as belonging to the Castilion. He explained that the building was
being renovated and that the material was being used by the contractors. Both he and the building's
maintenance supervisor testified that the paint was not trash and that appellant did not have
permission to take it. They estimated that each can of paint was worth about twenty dollars.

Appellant testified that the paint was in what she had been told was a "dump area"
at the Castilion. She said the cans were almost empty and that she believed them to be "throwaway." 
She intended to use the paint on a boat she was building with a friend.

When there is a challenge to the sufficiency of the evidence to sustain a criminal
conviction, the question presented is whether a rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324 (1979)
(legal sufficiency); Griffin v. State, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (legal
sufficiency); Zuniga v. State, No. 539-02, 2004 Tex. Crim. App. LEXIS 668, at *20 (Tex. Crim.
App. Apr. 21, 2004) (factual sufficiency). In a legal sufficiency review, all the evidence is reviewed
in the light most favorable to the verdict; it is assumed that the trier of fact resolved conflicts in the
testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the
verdict. Griffin, 614 S.W.2d at 159 (citing Jackson, 443 U.S. at 318-19). In a factual sufficiency
review, all the evidence is considered equally, including the testimony of defense witnesses and the
existence of alternative hypotheses. Orona v. State, 836 S.W.2d 319, 321 (Tex. App.--Austin 1992,
no pet.). Although due deference still must be accorded the fact finder's determinations, particularly
those concerning the weight and credibility of the evidence, the reviewing court may disagree with
the result in order to prevent a manifest injustice. Johnson v. State, 23 S.W.3d 1, 9 (Tex. Crim. App.
2000). The evidence will be deemed factually insufficient to sustain the conviction if the proof of
guilt is too weak or the contrary evidence is too strong to support a finding of guilt beyond a
reasonable doubt. Zuniga, at *20; see Johnson, 23 S.W.3d at 11.

Appellant argues that because no one saw her take the paint, there is no direct
evidence contradicting her claim that the cans were beside the dumpster. "It is clear," argues
appellant, "that evidence does not exist to prove that the paint was not abandoned and that Appellant
committed the offense of theft." The circumstantial evidence, however, suggests that the paint was
taken from a restricted area being used by contractors, and that no reasonable person would have
believed that she was authorized to enter and take paint or other materials. We hold that the
evidence is both legally and factually sufficient to sustain the trial court's finding of guilt. Point of
error one is overruled.

In her second point of error, appellant argues that the paint and other evidence should
have been suppressed as the product of an unlawful detention. Appellant filed a motion to suppress
but there is no indication that it was ever presented to the trial court for a ruling. Although evidence
was adduced at trial regarding the nature of the officers' actions, appellant did not object to the
admission of any of the State's evidence as having been unlawfully seized. Defense counsel did not
assert appellant's Fourth Amendment claim until his final argument. This was too late to preserve
the issue for review. See Tex. R. App. P. 33.1. Point of error two is overruled.

The judgment of conviction is affirmed.



 __________________________________________

 Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: July 29, 2004

Do Not Publish