# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00024-CR

**Rana Ghana, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY
### NO. 652,944, HONORABLE JAN BRELAND, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Following a bench trial, appellant Rana Ghana was convicted of theft and sentenced to thirty days in jail. *See* Tex. Pen. Code Ann. § 31.03(a), (e)(2)(A)(i) (West Supp. 2004). In two points of error, she contends that the evidence is insufficient to sustain the conviction and that the evidence against her should have been suppressed. We affirm the judgment.

Austin Police Officers Jason Jewett and Gregory Gentry were patrolling the area west of the University of Texas campus at 8:00 a.m. when they saw appellant pushing a large plastic tub through an intersection. Appellant was obviously exerting herself, from which the officers surmised that the tub was heavy. Jewett stopped his patrol car and asked appellant, "What have you got?" Appellant told him that she had "paint and stuff" that she got at a building down the street. Appellant gestured toward the Castilion, a high-rise dormitory about three blocks away. Appellant offered to show the contents of the tub to the officers, who had now left the patrol car. She took the

cover off the tub and the officers saw seven commercial-style one-gallon paint cans, some of which appeared to be unopened. There was also a roll of masking tape still in a plastic wrapper. Appellant told the officers that she had found the paint near a dumpster and thought that it was trash, but that she had not spoken to anyone before taking it. She agreed to show the officers where she got the paint.

The officers drove appellant to the Castilion, and she directed them to a storage area inside the parking garage that was closed to pedestrians. Jewett was familiar with the building and knew that the gates offering access to this area were usually closed. Signs posted nearby announced "no trespassing." More paint and other construction material were in the storage area, which was forty feet from the nearest dumpster. The officers noticed circles in the dust where the cans in appellant's possession appeared to have been sitting.

The officers contacted the property manager, who came to the scene and identified the paint and other items in the tub as belonging to the Castilion. He explained that the building was being renovated and that the material was being used by the contractors. Both he and the building's maintenance supervisor testified that the paint was not trash and that appellant did not have permission to take it. They estimated that each can of paint was worth about twenty dollars.

Appellant testified that the paint was in what she had been told was a "dump area" at the Castilion. She said the cans were almost empty and that she believed them to be "throwaway." She intended to use the paint on a boat she was building with a friend.

When there is a challenge to the sufficiency of the evidence to sustain a criminal conviction, the question presented is whether a rational trier of fact could have found the essential

2

elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (legal sufficiency); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (legal sufficiency); *Zuniga v. State*, No. 539-02, 2004 Tex. Crim. App. LEXIS 668, at *20 (Tex. Crim. App. Apr. 21, 2004) (factual sufficiency). In a legal sufficiency review, all the evidence is reviewed in the light most favorable to the verdict; it is assumed that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Griffin*, 614 S.W.2d at 159 (citing *Jackson*, 443 U.S. at 318-19). In a factual sufficiency review, all the evidence is considered equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). Although due deference still must be accorded the fact finder's determinations, particularly those concerning the weight and credibility of the evidence, the reviewing court may disagree with the result in order to prevent a manifest injustice. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000). The evidence will be deemed factually insufficient to sustain the conviction if the proof of guilt is too weak or the contrary evidence is too strong to support a finding of guilt beyond a reasonable doubt. *Zuniga*, at *20; *see Johnson*, 23 S.W.3d at 11.

Appellant argues that because no one saw her take the paint, there is no direct evidence contradicting her claim that the cans were beside the dumpster. "It is clear," argues appellant, "that evidence does not exist to prove that the paint was not abandoned and that Appellant committed the offense of theft." The circumstantial evidence, however, suggests that the paint was taken from a restricted area being used by contractors, and that no reasonable person would have believed that she was authorized to enter and take paint or other materials. We hold that the

evidence is both legally and factually sufficient to sustain the trial court's finding of guilt. Point of error one is overruled.

In her second point of error, appellant argues that the paint and other evidence should have been suppressed as the product of an unlawful detention. Appellant filed a motion to suppress but there is no indication that it was ever presented to the trial court for a ruling. Although evidence was adduced at trial regarding the nature of the officers' actions, appellant did not object to the admission of any of the State's evidence as having been unlawfully seized. Defense counsel did not assert appellant's Fourth Amendment claim until his final argument. This was too late to preserve the issue for review. *See* Tex. R. App. P. 33.1. Point of error two is overruled.

The judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   July 29, 2004

Do Not Publish