# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00331-CR

**Douglas Wayne Kolb, II, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY,264TH JUDICIAL DISTRICT
### NO. 55581, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted Douglas Wayne Kolb, II, of aggravated sexual assault. *See* Tex. Pen. Code Ann. § 22.021 (West 2003). The district court sentenced him to life imprisonment. Kolb claims on appeal that the evidence was factually insufficient to support the jury's finding that the complainant was less than fourteen years of age when the sexual assault took place. Kolb does not challenge the evidence that he sexually assaulted the complainant, only her age at the time. We affirm the judgment of conviction.

### BACKGROUND

In 2003, fourteen-year-old Britney Copeland, the complainant, had a seizure and was taken to Scott and White Hospital in Temple. She experienced flashbacks and began talking about having been touched and raped by appellant Wayne Kolb, her mother's former boyfriend. Britney

asserted that Kolb had sex with her beginning when she was in the fourth grade and continuing until she was in the eighth grade. Kolb was arrested and indicted for aggravated sexual assault. *See* id. § 22.021(a)(2)(B) (West 2003).[1]

At trial, Britney, then sixteen years old, identified Kolb as her assailant and testified that he had lived with Britney and her mother between Britney's third and eighth grade years. Linda Copeland, Britney's mother, testified that Britney's birth date was September 24, 1987, and that Britney was in the third or fourth grade, and eight or nine years old, when Kolb moved in with them. Britney testified that Kolb initially touched, molested, and raped her sometime around her third grade year, but did not remember exactly how old she was at the time. Later, Britney recounted, Kolb began touching her vagina with his fingers and then with his penis, eventually placing his penis in her vagina. These acts of sexual assault continued on a weekly basis while Kolb stayed with Britney and her mother until the summer before Britney's eighth grade year. Britney turned fourteen on September 24, 2001, during her eighth grade year, after Kolb had moved out of the Copeland home.

During a conversation in 2001, while they were in the seventh grade, Britney told her friend Lorin McGee that Kolb had raped her. Also, during the same school year, Britney divulged to her mother that Kolb had touched her sexually. Linda Copeland kicked Kolb out of their home at the time. However, Kolb was later permitted to return to the home and, though Britney did not tell her mother, the sexual assaults continued. Kolb left Linda Copeland in the early summer before Britney's eighth grade year.

---

[1] When Kolb was arrested, police officer Julie Lehmann recounted, he tried to blame Britney, asserting, "Her kids, they're bad. They came onto me. They seduced me."

Lila Price, the investigating officer, testified that the majority of Kolb's assaults of Britney occurred before her fourteenth birthday.

## DISCUSSION

Kolb raises a single issue challenging the factual sufficiency of the evidence that he sexually assaulted Britney while she was less than fourteen years of age. Specifically, Kolb argues that there is no clear evidence that he caused his penis to contact or penetrate Britney's female organ when she was less than the age of fourteen, as charged in the indictment.

**Standard of review**

When there is a challenge to the sufficiency of the evidence to sustain a criminal conviction, we consider whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). In a factual sufficiency review, all the evidence is considered equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Zuniga v. State*, 144 S.W.3d 477 (Tex. Crim. App. 2004); *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). Although due deference still must be accorded the fact finder's determinations, particularly those concerning the weight and credibility of the evidence, the reviewing court may disagree with the result when necessary to prevent a manifest injustice. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000). The evidence will be deemed factually insufficient to sustain the conviction if proof of guilt is too weak or the contrary evidence is too strong to warrant a finding of guilty beyond a reasonable doubt. *Zuniga*, 144 S.W.3d at 484; *see Johnson*, 23 S.W.3d at 11.

**Evidence of Britney's age at the time of sexual assault**

In a factual sufficiency review, there is a presumption that the evidence is legally sufficient to sustain the conviction. *Clewis v. State*, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). The indictment, dated November 19, 2003, alleges that on or about September 23, 2001, Kolb committed aggravated sexual assault upon Britney Copeland, a child less than fourteen years of age. To find Kolb guilty, the jury had to be convinced beyond a reasonable doubt that appellant assaulted Britney when she was younger than fourteen years of age. *See* Tex. Pen. Code Ann. § 22.021 (West 2003).

As discussed above, Britney testified that Kolb lived with her and her mother from the time she was in the third grade until just before she started the eighth grade. She asserted that Kolb began molesting her when she was in the third grade. Britney was eight or nine years old at the time. Kolb began touching her with his penis and putting his penis inside her vagina when she was in the fourth and fifth grade. She was nine and ten years old in the fourth grade, and ten and eleven years old in the fifth grade. Britany claimed he did this repeatedly until the summer before she began her eighth grade year. Lorin McGee recounted that when she and Britney were in the seventh grade, Britney told her that Kolb had raped her. This conversation took place in 2001 when Britney was twelve or thirteen years old. The complainant's mother, Linda Copeland, stated that her daughter's date of birth was September 24, 1987, and that Britney was in the third or fourth grade, eight or nine years old, when Kolb moved in with them. Gayla Herschler, S.A.N.E., affirmed that the complainant's birth date was September 24, 1987. Appellant offered no testimony to counter the State's evidence.

4

We have considered the evidence in a neutral light. Giving deference to the jury's verdict and its determinations as to the credibility and demeanor of the witnesses, we reject Kolb's claim that the evidence supporting the verdict was too weak to support the jury's finding of guilty beyond a reasonable doubt. We overrule Kolb's issue.

## CONCLUSION

Having overruled Kolb's single issue, we affirm the conviction.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed

Filed:   November 3, 2005

Do Not Publish

5