TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00086-CR






Naveed Shams, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT


NO. 2032663, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING






O P I N I O N



A jury found appellant Naveed Shams guilty of criminal solicitation of a minor and
assessed punishment at thirteen years' imprisonment. See Tex. Pen. Code Ann. § 15.031 (West
2003). Shams contends that the State failed to prove that he believed the person solicited was under
seventeen years of age. We will affirm the conviction.

Shams challenges both the legal and factual sufficiency of the evidence. Under both
standards of review, the question presented is whether a rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324
(1979) (legal sufficiency); Griffin v. State, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (legal
sufficiency); Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004) (factual sufficiency). 
In a legal sufficiency review, all the evidence is reviewed in the light most favorable to the verdict;
it is assumed that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew
reasonable inferences in a manner that supports the verdict. Griffin, 614 S.W.2d at 159 (citing
Jackson, 443 U.S. at 318-19). In a factual sufficiency review, all the evidence is considered equally,
including the testimony of defense witnesses and the existence of alternative hypotheses. Orona v.
State, 836 S.W.2d 319, 321 (Tex. App.--Austin 1992, no pet.). Due deference must be accorded
the fact finder's determinations, particularly those concerning the weight and credibility of the
evidence, but the reviewing court may disagree with the result in order to prevent a manifest
injustice. Johnson v. State, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000). The evidence will be deemed
factually insufficient to sustain the conviction if the proof of guilt is too weak or the contrary
evidence is too strong to support a finding of guilt beyond a reasonable doubt. Zuniga, 144 S.W.3d
at 484-85; see Johnson, 23 S.W.3d at 11.

David Torsiello, a cyber crimes investigator for the Texas Attorney General, testified
that on June 9, 2003, he logged into an internet chat room under the screen name "Amy512817"
(hereafter "Amy"). At that time, he created a profile for "Amy" that gave her age as eighteen,
occupation as student, marital status as single, and location as Texas. Under the heading "latest
news," Torsiello wrote, "Really 13. I had to put 18." Torsiello explained that it is common for
teenagers to "put an older age than they really are" in their profiles.

About thirty minutes after he logged on, "Amy" received an instant message from
someone with the screen name "maninaustin2003." There is no dispute that "maninaustin2003" was
Shams, and we will use his real name hereafter. Shams began the online conversation by graphically
describing a sex act he would like to perform with "Amy." After a few exchanges with "Amy,"
Shams asked, "what is ur body like?" (1) "Amy" answered, "I stay in shape. . im only 13 so im in good
shape." After Shams provided a description of himself, he and "Amy" began to discuss various sex
acts and the extent of "Amy's" sexual experience. "Amy" explained that she was inexperienced, but
said she was interested in meeting Shams for sex. They discussed where and when a meeting could
take place, but the chat session ended without any firm plans being made.

Torsiello next logged on as "Amy" on June 23, 2003. Once again, Shams contacted
"Amy" by instant messaging. The conversation quickly turned to sex, with Shams describing how
he and "Amy" could perform oral sex with each other. "Amy" asked, "would u take it real slow and
ez with me . . cuz I havnet." Shams said he would and asked "Amy" her age. When she replied, "u
don't remember??" he answered, "18 I think???" "Amy" responded, "im13." Later in the
conversation, Shams told "Amy" that he was twenty-seven. She replied, "well u no im 13 . . ." and
then added, "is that ok." Shams said, "that is fine with me." Shams gave "Amy" a link to a
photograph he said was him. The photograph was of a man wearing only briefs and with a visible
erection. "Amy," in turn, gave Shams a link to a photograph of a fully clothed thirteen-year-old girl,
who was the daughter of one of Torsiello's colleagues. Shams told "Amy" she was pretty and said,
"I wish I could lick your pussy today." "Amy" told Shams that her eighteen-year-old sister would
be able to give her a ride to a nearby grocery store on the following Wednesday, with "Amy" using
the excuse that she was meeting friends. The meeting was arranged, but Shams did not keep the
appointment.

"Amy" returned to the chat room on July 10, 2003. When contacted by Shams,
"Amy" complained that he had been lying to her about his picture and meeting her. Shams assured
"Amy" that he was "a good looking guy" and said he "would love to pleasure ur pussy and ass." 
They agreed to meet that afternoon at some softball fields. "Amy" told Shams what she would be
wearing, and Shams described his car and clothing. "Amy" told Shams that the other members of
her family were out of town and that they could return to her house. She told Shams to bring
condoms. Shams asked, "do u want me to fuck u also?" "Amy" replied, "well I thot u wanted to,"
then asked, "have u been with a young 1 like me b4." When Shams said he had not, "Amy" asked
him, "well u really don't mind that im only 13 . . . really." Shams answered, "nope." Shams told
"Amy" that he wanted her to "suck my cock." "Amy" said she would if Shams would promise to
"be e z with me."

As arranged, Shams drove to the softball fields that afternoon. He was arrested by
waiting officers. He told them that he had come to the fields to play cricket.

Shams testified that he routinely used internet chat rooms to engage in fantasy cyber
sex. He said that he had chatted in this way with at least one thousand individuals who he believed
were adult women, adding that he had never knowingly chatted with a minor. Shams testified that
he had had face-to-face meetings with about fifteen women he met on the internet and that most of
those meetings had resulted in sexual activity. 

Shams admitted having the online conversations with "Amy," but he insisted that he
had relied on her profile stating that she was eighteen years old. He said that he had assumed that
"Amy" was an adult woman who was pretending to be a young girl, and therefore he did not believe
her when she said that she was only thirteen. According to Shams, he did not believe that the
photograph of the thirteen-year-old girl was in fact "Amy." He testified that he had expected to meet
an adult woman on the afternoon of July 10, and that he would have left had the person proved to
be a minor.

A psychiatrist and a psychologist also testified for the defense. Both were of the
opinion, based on their testing and interviews, that Shams was not an "internet traveler," that is, a
person who uses the internet to target minors he can meet for sex.

Shams argues that the State failed to contradict his testimony that he believed that
"Amy" was a role-playing adult woman, and he points to Torsiello's acknowledgment during cross-examination that persons in internet chat rooms usually do not use their real names, ages, or even
genders. But the jury, as trier of fact, was free to discount Shams's testimony in light of the evidence
that "Amy" repeatedly told him that she was only thirteen. Applying the appropriate standards of
review, we hold that a rational trier of fact could find beyond a reasonable doubt that Shams believed
that the person he solicited was younger than seventeen. Because Shams does not otherwise
challenge the sufficiency of the evidence, his points of error are overruled.

The judgment of conviction is affirmed.



 __________________________________________

 Bea Ann Smith, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed: June 2, 2006

Do Not Publish Released for publication July 21, 2006. Tex. R. App. P. 47.3(c).
1. The record contains archived transcripts of the internet conversations. We quote them using
the original spelling and punctuation.