TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00715-CR







Charlie Perez, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. D-1-DC-08-904079, HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant Charlie Perez guilty of the aggravated assault of a family
member with a deadly weapon. See Tex. Penal Code Ann. § 22.02(a)(1), (b)(1) (West Supp. 2009). 
The trial court assessed punishment, enhanced by a previous felony conviction, at thirty-five years'
imprisonment. In two points of error, appellant contends that the evidence is factually insufficient
to support the jury's verdict and that the court erred by failing to give an instruction limiting the
jury's consideration of certain evidence. We affirm.

The complaining witness, Larissa Riojas, testified that she and appellant have been
in a relationship since 2001. They have four children, the youngest of whom was three months old
at the time of trial. On February 21, 2008, Riojas (who was then five months pregnant) and appellant
were at his sister's residence in Austin when appellant saw Riojas with letters she had found
addressed to appellant from another woman. The letters said that the woman was pregnant by
appellant. Riojas said that when appellant saw the letters, he took them from her and told her "it
ain't none of my business." An argument ensued in which each accused the other of being
unfaithful. At first, they merely shouted at each other. Then, appellant struck Riojas in the face with
his fist. Riojas testified, "He kept hitting me and I told him stop, stop . . . ." Instead, "[H]e started
hitting me more, hitting me. Not just once, repeatedly times more." Riojas testified that appellant
"went and grabbed something that looked like a vacuum cleaner" and began to strike her with that. 
She said, "I told him please stop, please stop . . . and I put my hand up and he hit me with it and
broke my wrist." Riojas added, "When he hit me, when he broke my wrist, I was down on the
ground trying to get up. . . . [H]e started kicking me when I was on the ground." She said that
appellant "was kicking me in my stomach, in my face, in my back, everywhere." Appellant told
Riojas, "I'm going to kill you."

When the beating stopped, Riojas told appellant that her arm hurt and that she needed
to go to the hospital. Appellant refused to take her, and he threatened to hit her again if she called
for help. Riojas fell asleep, but she was still in pain when she awoke. She again told appellant that
she needed to go to the hospital. Riojas testified, "He was all worried about me calling the cops, they
were going to send him away and all that and to tell them some girls jumped me, and I told him I
would." Appellant then called his friend Victor, whose last name Riojas did not know, and appellant
and Victor drove Riojas to the emergency room and left her there. 

The physician who treated Riojas in the emergency room testified that she had
numerous bruises and abrasions, including two black eyes. The ulna in her left forearm had a
"comminuted fracture," which the doctor explained meant "the ulna bone was broken into several
pieces." A small bone in Riojas's left wrist was also fractured. Photographs of Riojas taken at the
hospital were introduced in evidence.

Victor Kruppalla testified that appellant called him on the day in question and "told
me that Larissa had got beaten up and he wanted me to take her to the hospital, and I didn't ask no
questions. I just picked her up and took her to the hospital and dropped her off." Kruppalla testified
that when he later asked appellant what had happened to Riojas, appellant told him that "a couple
of girls beat her up and he found her like that." Kruppalla said that he told appellant that appellant
"ought to be ashamed" for not staying with Riojas at the hospital.

Appellant contends that the evidence is factually insufficient to sustain the guilty
verdict. In a factual sufficiency review, all the evidence is considered equally, including the
testimony of defense witnesses and the existence of alternative hypotheses. Clewis v. State,
922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Orona v. State, 836 S.W.2d 319, 321 (Tex.
App.--Austin 1992, no pet.). Although due deference still must be accorded the fact-finder's
determinations, particularly those concerning the weight and credibility of the evidence, the
reviewing court may disagree with the result in order to prevent a manifest injustice. Johnson
v. State, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim.
App. 1997). The evidence will be deemed factually insufficient if: (1) the evidence supporting the
verdict is so weak as to make the finding of guilt clearly wrong or manifestly unjust, or
(2) considering the conflicting evidence, the verdict is against the great weight and preponderance
of the available evidence. Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006);
Johnson, 23 S.W.3d at 11.

Appellant argues that the guilty verdict was clearly wrong and manifestly unjust
because Riojas was not a credible witness. Riojas admitted that she was on probation following a
conviction for burglary of a habitation. Riojas also acknowledged that she initially tried to hide
appellant's guilt and that she had given inconsistent statements regarding where the assault took
place. Finally, appellant argues that Riojas's belief that appellant had been unfaithful gave her a
motive to falsely accuse him.

A verdict is not manifestly unjust simply because the fact-finder resolved conflicting
views of the evidence in the State's favor. Roise v. State, 7 S.W.3d 225, 233 (Tex. App.--Austin
1999, pet. ref'd). It was the jury's responsibility to determine Riojas's credibility, and we must give
that determination due deference. Johnson, 23 S.W.2d at 9. We hold that the evidence supporting
the jury's verdict was not so weak as to make the verdict clearly wrong or manifestly unjust. Point
of error two is overruled.

Appellant's other point of error relates to Riojas's testimony regarding the letter from
the other woman pregnant with appellant's child. When Riojas described the content of the letter,
defense counsel objected that "this is in the nature of a bad act, and I would ask that the jury be
instructed to disregard it regarding the other women that he had gotten pregnant." The prosecutor
responded, "I don't think we're going to actually say he impregnated anybody. We're just saying
this is what started the argument." The court asked the prosecutor, "You are not offering it for the
truth of the matter asserted?" When the prosecutor said "No," the court ruled, "Your request for that
instruction is denied."

Appellant contends that he was entitled to an instruction limiting the jury's
consideration of the testimony to the purpose for which it was offered, to show the context in which
the alleged assault occurred and not to prove the truth of the matter asserted. He relies on
rule 105(a), which provides that when evidence admissible for one purpose but not admissible for
another purpose is admitted, the court must, upon request, restrict the evidence to its proper scope
and instruct the jury accordingly. Tex. R. Evid. 105(a).

Appellant objected to the admission of the testimony regarding his fathering of
another woman's child and asked for an instruction telling the jury to disregard the testimony. 
Appellant did not ask for an instruction limiting the jury's consideration of that testimony to the
purpose for which it was offered and admitted. In the absence of a request, appellant cannot
complain on appeal that such an instruction was not given. Id. Point of error one is overruled.

The judgment of conviction is affirmed.



 

 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed: November 20, 2009

Do Not Publish