# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00715-CR

**Charlie Perez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. D-1-DC-08-904079, HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Charlie Perez guilty of the aggravated assault of a family member with a deadly weapon. *See* Tex. Penal Code Ann. § 22.02(a)(1), (b)(1) (West Supp. 2009). The trial court assessed punishment, enhanced by a previous felony conviction, at thirty-five years' imprisonment. In two points of error, appellant contends that the evidence is factually insufficient to support the jury's verdict and that the court erred by failing to give an instruction limiting the jury's consideration of certain evidence. We affirm.

The complaining witness, Larissa Riojas, testified that she and appellant have been in a relationship since 2001. They have four children, the youngest of whom was three months old at the time of trial. On February 21, 2008, Riojas (who was then five months pregnant) and appellant were at his sister's residence in Austin when appellant saw Riojas with letters she had found addressed to appellant from another woman. The letters said that the woman was pregnant by

appellant. Riojas said that when appellant saw the letters, he took them from her and told her "it ain't none of my business." An argument ensued in which each accused the other of being unfaithful. At first, they merely shouted at each other. Then, appellant struck Riojas in the face with his fist. Riojas testified, "He kept hitting me and I told him stop, stop . . . ." Instead, "[H]e started hitting me more, hitting me. Not just once, repeatedly times more." Riojas testified that appellant "went and grabbed something that looked like a vacuum cleaner" and began to strike her with that. She said, "I told him please stop, please stop . . . and I put my hand up and he hit me with it and broke my wrist." Riojas added, "When he hit me, when he broke my wrist, I was down on the ground trying to get up. . . . [H]e started kicking me when I was on the ground." She said that appellant "was kicking me in my stomach, in my face, in my back, everywhere." Appellant told Riojas, "I'm going to kill you."

When the beating stopped, Riojas told appellant that her arm hurt and that she needed to go to the hospital. Appellant refused to take her, and he threatened to hit her again if she called for help. Riojas fell asleep, but she was still in pain when she awoke. She again told appellant that she needed to go to the hospital. Riojas testified, "He was all worried about me calling the cops, they were going to send him away and all that and to tell them some girls jumped me, and I told him I would." Appellant then called his friend Victor, whose last name Riojas did not know, and appellant and Victor drove Riojas to the emergency room and left her there.

The physician who treated Riojas in the emergency room testified that she had numerous bruises and abrasions, including two black eyes. The ulna in her left forearm had a "comminuted fracture," which the doctor explained meant "the ulna bone was broken into several

2

pieces." A small bone in Riojas's left wrist was also fractured. Photographs of Riojas taken at the hospital were introduced in evidence.

Victor Kruppalla testified that appellant called him on the day in question and "told me that Larissa had got beaten up and he wanted me to take her to the hospital, and I didn't ask no questions. I just picked her up and took her to the hospital and dropped her off." Kruppalla testified that when he later asked appellant what had happened to Riojas, appellant told him that "a couple of girls beat her up and he found her like that." Kruppalla said that he told appellant that appellant "ought to be ashamed" for not staying with Riojas at the hospital.

Appellant contends that the evidence is factually insufficient to sustain the guilty verdict. In a factual sufficiency review, all the evidence is considered equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). Although due deference still must be accorded the fact-finder's determinations, particularly those concerning the weight and credibility of the evidence, the reviewing court may disagree with the result in order to prevent a manifest injustice. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). The evidence will be deemed factually insufficient if: (1) the evidence supporting the verdict is so weak as to make the finding of guilt clearly wrong or manifestly unjust, or (2) considering the conflicting evidence, the verdict is against the great weight and preponderance of the available evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); *Johnson*, 23 S.W.3d at 11.

3

Appellant argues that the guilty verdict was clearly wrong and manifestly unjust because Riojas was not a credible witness. Riojas admitted that she was on probation following a conviction for burglary of a habitation. Riojas also acknowledged that she initially tried to hide appellant's guilt and that she had given inconsistent statements regarding where the assault took place. Finally, appellant argues that Riojas's belief that appellant had been unfaithful gave her a motive to falsely accuse him.

A verdict is not manifestly unjust simply because the fact-finder resolved conflicting views of the evidence in the State's favor. *Roise v. State*, 7 S.W.3d 225, 233 (Tex. App.—Austin 1999, pet. ref'd). It was the jury's responsibility to determine Riojas's credibility, and we must give that determination due deference. *Johnson*, 23 S.W.2d at 9. We hold that the evidence supporting the jury's verdict was not so weak as to make the verdict clearly wrong or manifestly unjust. Point of error two is overruled.

Appellant's other point of error relates to Riojas's testimony regarding the letter from the other woman pregnant with appellant's child. When Riojas described the content of the letter, defense counsel objected that "this is in the nature of a bad act, and I would ask that the jury be instructed to disregard it regarding the other women that he had gotten pregnant." The prosecutor responded, "I don't think we're going to actually say he impregnated anybody. We're just saying this is what started the argument." The court asked the prosecutor, "You are not offering it for the truth of the matter asserted?" When the prosecutor said "No," the court ruled, "Your request for that instruction is denied."

Appellant contends that he was entitled to an instruction limiting the jury's consideration of the testimony to the purpose for which it was offered, to show the context in which the alleged assault occurred and not to prove the truth of the matter asserted. He relies on rule 105(a), which provides that when evidence admissible for one purpose but not admissible for another purpose is admitted, the court must, upon request, restrict the evidence to its proper scope and instruct the jury accordingly. Tex. R. Evid. 105(a).

Appellant objected to the admission of the testimony regarding his fathering of another woman's child and asked for an instruction telling the jury to *disregard* the testimony. Appellant did not ask for an instruction limiting the jury's consideration of that testimony to the purpose for which it was offered and admitted. In the absence of a request, appellant cannot complain on appeal that such an instruction was not given. *Id*. Point of error one is overruled.

The judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   November 20, 2009

Do Not Publish

5